DILLINGHAM & MURPHY, LLP
CARLA J. HARTLEY (STATE BAR NO. 117213)
WILLIAM P. WILSON (STATE BAR NO. 230444)
225 Bush Street, 6th Floor
San Francisco, California 94104-4207
Telephone:    (415) 397-2700
Facsimile:    (415) 397-3300
Email:   cjh@dillinghammurphy.com
         wpw@dillinghammurphy.com

Attorneys for Defendant
DOMINION ENTERPRISES

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA – SAN FRANCISCO DIVISION

| | |
|---|---|
| RITA SIGLAIN, an individual,<br><br>Plaintiff,<br><br>v.<br><br>TRADER PUBLISHING COMPANY, a Virginia General Partnership; DOMINION ENTERPRISES, INC., a Virginia corporation; LANDMARK COMMUNICATIONS, INC., a Virginia corporation; BEST IMAGE MARKETING, INC., a California corporation,<br><br>Defendants. | Case No. CV-08-2108 JL<br><br>NOTICE OF MOTION AND MOTION OF DEFENDANT DOMINION ENTERPRISES TO STAY ACTION PENDING ARBITRATION<br><br>Date:        June 4, 2008<br>Time:        9:30 a.m.<br>Courtroom: F<br>Judge:       The Hon. Magistrate<br>             Judge James Larson |

## I. NOTICE OF MOTION AND MOTION OF DEFENDANT DOMINION ENTERPRISES TO STAY ACTION PENDING ARBITRATION

TO PLAINTIFF RITA SIGLAIN AND PLAINTIFF'S ATTORNEY OF RECORD:

PLEASE TAKE NOTICE that that pursuant to 9 U.S.C § 3, defendant DOMINION ENTERPRISES, a Virginia General Partnership (erroneously sued herein as Dominion Enterprises, Inc. a Virginia corporation), moves and will bring on for hearing its Motion to Stay Action Pending Arbitration on June 4, 2008 at 9:30 a.m., in the United States District Court for the Northern District of California, 450 Golden Gate Avenue, San Francisco, CA 94102, Courtroom F, 15th Floor, before the Honorable Magistrate Judge James Larson.

This motion is made pursuant to this Notice of Motion and Motion, the Declarations of William P. Wilson and Constance Johnson, filed and served herewith, on the papers and records on file in this action, and on such other and further evidence as may be presented to the Court on this matter.

## II. INTRODUCTION

Plaintiff Rita Siglain has filed this action seeking damages against her former employers for alleged age and disability discrimination. Plaintiff's employment with Trader Publishing and Dominion Enterprises was subject to a self-executing Mutual Agreement To Arbitrate whereby she agreed to submit disputes such as those alleged in her complaint to binding arbitration pursuant to the National Rules for the Resolution of Employment Disputes of the American Arbitration Agreement (Johnson Decl., Exh. A). Defendant Dominion Enterprises has submitted this matter to arbitration with the American Arbitration Association in accordance with the terms of the parties' agreement (Wilson Decl., Exh. A). Pursuant to 9 U.S.C. § 3, defendant now seeks an order staying this action pending the outcome of the arbitration.

## III. FACTUAL BACKGROUND

Plaintiff was employed by Best Imaging Marketing, Inc. from approximately January 2001 to May 16, 2005. On May 16, 2005, Trader Publishing Company acquired the assets of Best Image Marketing. Following this acquisition, plaintiff was offered and accepted employment with Trader Publishing effective May 17, 2005. Prior to becoming an employee of Trader Publishing, plaintiff was required to sign a Mutual Agreement to Arbitrate. The Agreement provided in

pertinent part:

> "1.    **Agreement to Arbitrate.**  Except as otherwise provided in this Agreement, you and the Company agree to settle by final and binding arbitration any and all claims and controversies ("Arbitrable Claims") arising out of or relating to your employment by the Company including but not limited to:  (a) any claim involving conduct alleged to be in violation of local, state or federal statutory or common law including, but not limited to, any claim of unlawful discrimination, harassment or retaliation, under Title VII of the Civil Rights Act of 1964, as amended, the Americans with Disabilities Act, the Age Discrimination in Employment Act, the Fair Labor Standards Act, the Family Medical Leave Act, and similar laws, as those laws are enacted, adopted, changed or amended from time to time; (b) any state contract or tor theories including but not limited to claims for negligence, defamation, libel, intentional infliction of emotional distress, and other intentional torts; and (c) any claim arising out of or relating to the ending of your employment with the Company.  … ."

The Agreement further provided in pertinent part:

> "2.    **Arbitration Procedures.**   Arbitration shall be conducted in accordance with the National Rules for the Resolution of Employment Disputes of the American Arbitration Association ("AAA") in effect at the time an Arbitrable Claim is made, a current copy of which you acknowledge having received and read.  Such arbitration shall be filed with the AAA and heard at the offices of, or a location selected by, the AAA in the city nearest the location where the employee works.  …" (Johnson Decl., Exh. A.)

Trader Publishing Company changed its name to Dominion Enterprises, a Virginia General Partnership effective September 10, 2006 (Johnson Decl.¶ 3).  As a result, plaintiff became an employee of Dominion Enterprises effective the same date.  Plaintiff remained an employee of Dominion Enterprises until her employment terminated effective July 7, 2007.

Plaintiff filed her Complaint for Damages and Declaratory Relief on February 5, 2008 in Lake County Superior Court against Trader Publishing Company, Inc., Dominion Enterprises, Inc., Landmark Communications, Inc., and Best Image Marketing, Inc.[1]  The unverified complaint alleges causes of action for:  (1) Violation of the Age Discrimination in Employment Act ("ADEA") (29 U.S.C. §§ 621 *et seq*.); (2) Age discrimination in violation of the California Fair Employment and Housing Act ("FEHA") (Cal. Govt. Code § 12940); (3) Disability

---

[1]  As discussed at length in defendant's Notice of Removal, Dominion Enterprises, Inc., had no involvement with the matters alleged in the complaint and has been voluntarily dismissed.  Landmark Communications is the parent of defendant Dominion Enterprises, had no involvement in the matters alleged in the complaint, and has been voluntarily dismissed.  Defendant is informed and believes that Best Image Marketing is no longer a viable entity and that plaintiff has named Best Image in error.

1  Discrimination in violation of FEHA; (4) Failure to Accommodate in violation of FEHA; (5)

2  Wrongful Termination in Violation of Public Policy; (6) Intentional Infliction of Emotional

3  Distress; (7) Negligence – Breach of Statutory Duty; and (8) Request for Declaratory Relief.

4       Defendant Dominion Enterprises, a Virginia General Partnership, removed the case to

5  Federal District Court on April 23, 2008 based on diversity and federal question jurisdiction.  The

6  Notice of Removal was defendant's first appearance in the case.  Dominion Enterprises also

7  commenced arbitration with the American Arbitration Association on April 23, 2008 (Wilson

8  Decl., Exh. A).

9  **IV.**    **ARGUMENT**

10      **A.**    **Defendant is Entitled to a Stay Pending Arbitration**

11       A party to a lawsuit pending in either state or federal court may seek a stay of the action

12  pending arbitration of one or more issues raised in such litigation.   Pursuant to 9 U.S.C. section 3:

13         "If any suit or proceeding be brought in any of the courts of the
       United States upon any issue referable to arbitration under an

14         agreement in writing for such arbitration, the court in which such
       suit is pending, upon being satisfied that the issue involved in such

15         suit or proceeding is referable to arbitration under such
       agreement, shall on application of one of the parties stay the trial

16         of the action until such arbitration has been had in accordance with
       the terms of the agreement, providing the applicant for the stay is

17         not in default in proceeding with such arbitration."

18       In interpreting this section, the court in *Wagner v. Stratton Oakmont, Inc.* held that the

19  Federal Arbitration Act requires a court to stay an action whenever the parties to the action have

20  agreed in writing to submit their claims to arbitration.  ((9th Cir. 1996) 83 F.3d 1046, 1048; *See*

21  *also Subway Equipment Leasing Corp. v. Forte* (5th Cir. 1999) 169 F3d 324, 329).

22       In this case, plaintiff and Dominion Enterprises[2] are bound by a self executing pre-dispute

23  Arbitration Agreement entered into on May 17, 2005.  Where parties have agreed to a self-

24  executing arbitration agreement, no prior court order compelling arbitration is required.  (*National*

25  *Marble Co. v. Bricklayers & Allied Craftsmen* (1986) 184 Cal.App.3d 1057, 1063; *Raytheon*

26

27  [2]   The Mutual Agreement to Arbitrate applied to "Company" which was defined as "(1) Trader; (2) any of Trader's affiliates, successors, and assigns; and (3) any past or present officer, director, employee, consultant or agent of Trader or of any of its affiliates, successors, and assigns." (Wilson Decl., Exh. A.)  Dominion Enterprises is simply the new name for Trader Publishing Company and was plaintiff's employer subsequent to September 10, 2006, and is thus covered by the Agreement.

28
NOTICE OF MOTION AND MOTION OF DEFENDANT DOMINION ENTERPRISES TO STAY ACTION
PENDING ARBITRATION

*Company v. Ashborn Agencies, LTD.* (DC Cir. 2004) 372 F.3d 451, 453.) An agreement is self-executing if the agreement authorizes initiation of arbitration without court order compelling arbitration, or where the agreement selects the arbitrator. *Id.* The parties' Mutual Agreement to Arbitrate specifies that arbitration shall be conducted in accordance with the National Rules for the resolution of Employment Disputes of the American Arbitration Association. Those rules provide a mechanism for selecting an arbitrator and conducting the arbitrator. (See Rule 4 of the American Arbitration Association Employment Arbitration Rules, Wilson Decl., Exh. B.) Thus, arbitration is properly commenced and defendant Dominion Enterprises is entitled to an order staying the present proceedings until arbitration has been completed.

## V.    CONCLUSION

For the foregoing reasons, defendant Dominion Enterprises, a Virginia General Partnership, respectfully requests that the court grant its motion and order that this action shall be stayed pending the outcome of the arbitration.

Dated: April 23, 2008

DILLINGHAM & MURPHY, LLP
CARLA J. HARTLEY
WILLIAM P. WILSON

By:    _/s/ Carla J. Hartley_____
Attorneys for Defendant
DOMINION ENTERPRISES