DILLINGHAM & MURPHY, LLP
CARLA J. HARTLEY (STATE BAR NO. 117213)
WILLIAM P. WILSON (STATE BAR NO. 230444)
225 Bush Street, 6th Floor
San Francisco, California 94104-4207
Telephone:     (415) 397-2700
Facsimile:     (415) 397-3300

Attorneys for defendant
DOMINION ENTERPRISES

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA – SAN FRANCISCO DIVISION

| | |
|---|---|
| RITA SIGLAIN, an individual,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>TRADER PUBLISHING COMPANY, a Virginia General Partnership; DOMINION ENTERPRISES, INC., a Virginia corporation; LANDMARK COMMUNICATIONS, INC., a Virginia corporation; BEST IMAGE MARKETING, INC., a California corporation,<br><br>　　　　　Defendants. | Case No. CV-08-2108 JL<br><br>DECLARATION OF CONSTANCE JOHNSON IN SUPPORT OF MOTION TO STAY ACTION PENDING ARBITRATION<br><br>Date:　　　June 4, 2008<br>Time:　　　9:30 a.m.<br>Courtroom: F<br>Judge:　　　The Hon. Magistrate Judge James Larson |

　　　　I, CONSTANCE JOHNSON, declare:

　　　　1.　　　I am the Director of Benefits for defendant Dominion Enterprises, a Virginia General Partnership. If called upon to do so, I could and would competently testify to the matters of fact set forth within this declaration, as I have personal knowledge thereof.

　　　　2.　　　Attached hereto as Exhibit A is a true and correct copy of the Mutual Agreement to Arbitrate contained in plaintiff Rita Siglain's personnel file with Dominion Enterprises.

　　　　3.　　　Trader Publishing Company changed its name to Dominion Enterprises, a Virginia General Partnership, effective September 10, 2006.

///

///

///

1    I declare under penalty of perjury under the laws of the Commonwealth of Virginia and the
2  United States that the foregoing is true and correct. Executed on April 22, 2008, at Norfolk,
3  Virginia.

_____
CONSTANCE JOHNSON

# Exhibit A

SIGLAIN, RITA

63486

## MUTUAL AGREEMENT TO ARBITRATE

This Mutual Agreement to Arbitrate ("Agreement") is entered into between Trader Publishing Company ("Trader") and RITA SIGLAIN, as of May 17, 2005. "You" and "your" refer to the undersigned employee and anyone acting on the employee's behalf, including, without limitation, the employee's family, heirs, agents and assigns. "Company" refers to: (1) Trader; (2) any of Trader's affiliates, successors, and assigns; and (3) any past or present officer, director, employee, consultant or agent of Trader or of any of its affiliates, successors and assigns.

Despite our best attempts to avoid them, differences can arise in the course of an employment relationship. Because resolving differences in the courts is rarely timely or cost-effective for either party, you and the Company are executing this Agreement in mutual consideration for obtaining the benefit of a speedy, impartial and cost-effective dispute resolution procedure. For the right to resolve your claims by arbitration rather than through the courts, and in consideration of payment to you by the Company of a "Loyalty Bonus" in accordance with the terms of a certain Agreement with Restrictive Covenants dated as of the date hereof between you and the Company and incorporated by reference hereto, you agree with the Company as follows:

1. **Agreement to Arbitrate.** Except as otherwise provided in this Agreement, you and the Company agree to settle by final and binding arbitration any and all claims and controversies ("Arbitrable Claims") arising out of or relating to your employment by the Company including but not limited to: (a) any claim involving conduct alleged to be in violation of local, state or federal statutory or common law including, but not limited to, any claim of unlawful discrimination, harassment or retaliation, under Title VII of the Civil Rights Act of 1964, as amended, the Americans with Disabilities Act, the Age Discrimination in Employment Act, the Fair Labor Standards Act, the Family and Medical Leave Act, and similar laws, as those laws are enacted, adopted, changed or amended from time to time; (b) any state contract or tort theories including but not limited to claims for negligence, defamation, libel, intentional infliction of emotional distress, and other intentional torts; and (c) any claim arising out of or relating to the ending of your employment with the Company. This includes but is not limited to any pre-existing disputes, known or unknown. The issue of whether a claim is subject to arbitration is to be resolved by the arbitrator.

2. **Arbitration Procedures.** Arbitration shall be conducted in accordance with the National Rules for the Resolution of Employment Disputes of the American Arbitration Association ("AAA") in effect at the time an Arbitrable Claim is made, a current copy of which you acknowledge having received and read. Such arbitration shall be filed with the AAA and heard at the offices of, or a location selected by, the AAA in the city nearest the location where the employee works. The Company shall bear the cost of the arbitrator's fees and other costs unique to arbitration in compliance with applicable law, except that you agree to pay an initial filing fee of $75.00 if you initiate the arbitration. The parties shall pay for their own costs and expert witness and attorney's fees, if any, unless the arbitrator awards fees and/or costs to the prevailing party. The arbitrator shall apply the applicable substantive law, law of remedies, and the law regarding the allocation of the burden of proof. The Federal Rules of Evidence and the Federal Rules of Civil Procedure shall apply, except that each party shall be limited to no more than three (3) depositions unless the arbitrator, upon application by the Company or you and upon a showing of good cause, authorizes the taking of additional depositions. The arbitrator shall issue a written opinion that includes the factual and legal basis for any decision and award.

3. **Claims Not Covered By This Agreement.** This Arbitration Agreement does not apply to or cover the following claims: (a) claims by you for workers' compensation benefits, except any claim for retaliation in violation of a workers' compensation law; (b) claims by you for unemployment compensation benefits; (c) claims brought in a court of competent jurisdiction by either you or the Company to compel arbitration under this Arbitration Agreement, to enforce or to oppose enforcement of an arbitration award or to obtain preliminary injunctive and/or other equitable relief in support of claims to be prosecuted in an arbitration by either party; (d) claims based upon a pension or benefit plan that contains an arbitration or other dispute resolution procedure, in which case the provisions of such plan shall apply; and (e) claims concerning restrictive

covenants, confidentiality agreements or trade secrets. You are also not waiving the right to file or institute a complaint or charge with any government agency authorized to investigate or resolve employment-related matters, or any other comparable local, state, or federal agency.

4. **At-Will Employment Not Modified.** The Arbitration Agreement is not intended to and does not modify your status as an at-will employee. This means that either you or the Company may terminate the employment relationship at any time for any reason.

5. **Sole and Entire Agreement.** You and the Company acknowledge that this Arbitration Agreement constitutes the complete agreement of the parties on the subject matter contained herein, and supersedes any prior oral or written agreement or understanding on the subject matter contained herein.

6. **Survival of Provisions.** The Arbitration Agreement shall continue in effect after your employment relationship with the Company ends and shall apply to any claim whether it arises or is asserted before, during or after the ending of your employment relationship with the Company. You and the Company agree that this Arbitration Agreement can be modified or revoked only by a writing signed by both you and the Company that specifically states that you and the Company both intend to modify or revoke this Arbitration Agreement.

7. **Applicable Law.** This Arbitration Agreement is to be governed by and construed in accordance with the laws of the Commonwealth of Virginia.

8. **Severability.** If any one or more of the provisions of this Agreement shall, for any reason, be held by a court or other tribunal of competent jurisdiction to be invalid, void or unenforceable, in whole or in part, with any claim or class of claims, such adjudication shall in no way affect any other provisions of this Agreement or the validity or enforcement of the remainder of this Agreement, and any provision thus affected shall itself be modified only to the extent necessary to bring the provision within the applicable requirements of the law.

## EMPLOYEE'S ACCEPTANCE

I acknowledge that I have carefully read and understand the foregoing Arbitration Agreement, as well as the National Rules for the Resolution of Employment Disputes of the American Arbitration Association, and that I agree to be bound by and comply with all of its terms. I acknowledge that I have entered into this Arbitration Agreement voluntarily and that I am not relying on any misrepresentation, oral or written, as the effect, enforceability or meaning of this Arbitration Agreement, except as specifically set forth in this Arbitration Agreement. I understand and acknowledge that by signing this Arbitration Agreement, the Company and I are giving up the right to a jury trial and to a trial in a court of law with respect to any arbitrable claim either of us may have against the other.

_Rita Sqlain_  _Rita Sqlain_  5-17-05
Employee's Name (Please Print)   Employee's Signature   Date

Trader Publishing Company agrees to follow this Arbitration Agreement in connection with the employee whose signature appears above.

**TRADER PUBLISHING COMPANY**

By: _Sunny R Sonner_    Date: 5-17-05

Its: _Executive Vice Pres_
   (Title)

2