1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

DILLINGHAM & MURPHY, LLP
CARLA J. HARTLEY (STATE BAR NO. 117213)
WILLIAM P. WILSON (STATE BAR NO. 230444)
225 Bush Street, 6th Floor
San Francisco, California 94104-4207
Telephone:     (415) 397-2700
Facsimile:      (415) 397-3300
Email:  cjh@dillinghammurphy.com

Attorneys for Defendant
DOMINION ENTERPRISES

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA – SAN FRANCISCO DIVISION

| | |
|---|---|
| RITA SIGLAIN, an individual,<br><br>Plaintiff,<br><br>v.<br><br>TRADER PUBLISHING COMPANY, a Virginia General Partnership; DOMINION ENTERPRISES, INC., a Virginia corporation; LANDMARK COMMUNICATIONS, INC., a Virginia corporation; BEST IMAGE MARKETING, INC., a California corporation,<br><br>Defendants. | Case No. CV-08-2108 JL<br><br>ANSWER OF DEFENDANT DOMINION ENTERPRISES, A VIRGINIA GENERAL PARTNERSHIP, TO COMPLAINT<br><br><br>JURY TRIAL DEMANDED |

Defendant DOMINION ENTERPRISES, a Virginia General Partnership, erroneously sued herein as Dominion Enterprises, Inc., a Virginia Corporation, hereby responds to the Complaint of plaintiff RITA SIGLAIN as follows:

1.      Responding to Paragraph 1 of the Complaint, defendant admits all allegations contained therein except the allegation that, at all times mentioned therein, that plaintiff was employed by defendants and each of them, which defendant denies.

2.      Responding to Paragraph 2 of the Complaint, defendant denies each and every allegation contained therein.

3.      Responding to Paragraph 3 of the Complaint, defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations and on that basis denies each and every allegation contained therein.

4.      Responding to Paragraph 4 of the Complaint, defendant denies each and every allegation contained therein.

5.      Responding to Paragraph 5 of the Complaint, defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations and on that basis denies each and every allegation contained therein.

6.      Responding to Paragraph 6 of the Complaint, defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations and on that basis denies each and every allegation contained therein.

7.      Responding to Paragraph 7 of the Complaint, defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations and on that basis denies each and every allegation contained therein.

8.      Responding to Paragraph 8 of the Complaint, defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations and on that basis denies each and every allegation contained therein.

9.      Responding to Paragraph 9 of the Complaint, defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations and on that basis denies each and every allegation contained therein.

10.     Responding to Paragraph 10 of the Complaint, defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations and on that basis denies each and every allegation contained therein.

11.     Responding to Paragraph 11 of the Complaint, defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations and on that basis denies each and every allegation contained therein.

12.     Responding to Paragraph 12 of the Complaint, defendant admits that plaintiff began working for Trader Publishing Company on or about May 17, 2005.  Defendant lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 12 and on that basis denies them.

13.     Responding to Paragraph 13 of the Complaint, defendant admits that plaintiff

ANSWER OF DEFENDANT DOMINION ENTERPRISES, A VIRGINIA GENERAL PARTNERSHIP, TO
COMPLAINT; JURY TRIAL DEMANDED

performed a number of job duties related to defendant's publishing business.  Defendant lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 13 and on that basis denies them.

14.    Responding to Paragraph 14 of the Complaint, defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations and on that basis denies each and every allegation contained therein.

15.    Responding to Paragraph 15 of the Complaint, defendant admits that on or about February 26, 2007 plaintiff sent an email to Mr. Fowler notifying him that she intended to bring a couch into the office.  Defendant denies the remaining allegations of paragraph 15.

16.    Responding to Paragraph 16 of the Complaint, defendant denies each and every allegation contained therein.

17.    Responding to Paragraph 14 of the Complaint (on p. 5), defendant denies each and every allegation contained therein.

18.    Responding to Paragraph 15 of the Complaint (on p. 5), defendant admits that on or about February 26, 2007, plaintiff advised that she was going to bring a couch into work. Defendant denies each and every other allegation in this Paragraph.

19.    Responding to Paragraph 16 of the Complaint (on p. 5), defendant denies each and every allegation contained therein.

20.    Responding to Paragraph 17 of the Complaint, defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations and on that basis denies each and every allegation contained therein.

21.    Responding to Paragraph 18 of the Complaint, defendant denies each and every allegation contained therein.

22.    Responding to Paragraph 19 of the Complaint, defendant admits that in 2006, defendant changed the job titles of a number of people, including plaintiff.  Defendant denies the remaining allegations of paragraph 19.

23.    Responding to Paragraph 20 of the Complaint, defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations and on that basis denies

each and every allegation contained therein.

24.     Responding to Paragraph 21 of the Complaint, defendant denies each and every allegation contained therein.

25.     Responding to Paragraph 22 of the Complaint, defendant denies each and every allegation contained therein.

26.     Responding to Paragraph 23 of the Complaint, defendant admits that plaintiff requested medical leave and was on medical leave from March 22, 2007 until April 21, 2007, but denies each and every other allegation contained therein.

27.     Responding to Paragraph 24 of the Complaint, defendant admits each and every allegation contained therein.

28.     Responding to Paragraph 25 of the Complaint, defendant denies each and every allegation contained therein.

29.     Responding to Paragraph 21 of the Complaint (on p. 7), defendant refers to and incorporates by reference its responses to Paragraphs 1-25 of the Complaint.

30.     Responding to Paragraph 22 of the Complaint (on p. 7), defendant denies each and every allegation contained therein.

31.     Responding to Paragraph 23 of the Complaint (on p. 7), defendant denies each and every allegation contained therein.

32.     Responding to Paragraph 24 of the Complaint (on p. 7), defendant denies each and every allegation contained therein.

33.     Responding to Paragraph 25 of the Complaint (on p. 7), defendant denies each and every allegation contained therein.

34.     Responding to Paragraph 26 of the Complaint, defendant denies each and every allegation contained therein.

35.     Responding to Paragraph 27 of the Complaint, defendant denies each and every allegation contained therein.

36.     Responding to Paragraph 28 of the Complaint, defendant denies each and every allegation contained therein.

1    37.    Responding to Paragraph 29 of the Complaint defendant denies each and every
2    allegation contained therein.

3    38.    Responding to Paragraph 30 of the Complaint, defendant denies each and every
4    allegation contained therein.

5    39.    Responding to Paragraph 31 of the Complaint, defendant denies each and every
6    allegation contained therein.

7    40.    Responding to Paragraph 32 of the Complaint, defendant denies each and every
8    allegation contained therein.

9    41.    Responding to Paragraph 33 of the Complaint, defendant denies each and every
10    allegation contained therein.

11    42.    Responding to Paragraph 34 of the Complaint, defendant refers to and incorporates
12    by reference its responses to Paragraphs 1-33 of the Complaint.

13    43.    Responding to Paragraph 35 of the Complaint, defendant denies each and every
14    allegation contained therein.

15    44.    Responding to Paragraph 36 of the Complaint, defendant denies each and every
16    allegation contained therein.

17    45.    Responding to Paragraph 37 of the Complaint, defendant denies each and every
18    allegation contained therein.

19    46.    Responding to Paragraph 38 of the Complaint, defendant denies each and every
20    allegation contained therein.

21    47.    Responding to Paragraph 39 of the Complaint, defendant denies each and every
22    allegation contained therein.

23    48.    Responding to Paragraph 40 of the Complaint, defendant refers to and incorporates
24    by reference its responses to Paragraphs 1-39 of the Complaint.

25    49.    Responding to Paragraph 41 of the Complaint, defendant lacks sufficient
26    knowledge or information to form a belief as to the truth of the allegations and on that basis denies
27    each and every allegation contained therein.

28    50.    Responding to Paragraph 42 of the Complaint, defendant denies that it refused to

ANSWER OF DEFENDANT DOMINION ENTERPRISES, A VIRGINIA GENERAL PARTNERSHIP, TO
COMPLAINT; JURY TRIAL DEMANDED

provide reasonable accommodation to plaintiff. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 42 and on that basis denies each and every remaining allegation contained therein.

51.     Responding to Paragraph 43 of the Complaint, defendant denies each and every allegation contained therein.

52.     Responding to Paragraph 44 of the Complaint, defendant denies each and every allegation contained therein.

53.     Responding to Paragraph 45 of the Complaint, defendant denies each and every allegation contained therein.

54.     Responding to Paragraph 46 of the Complaint, defendant denies each and every allegation contained therein.

55.     Responding to Paragraph 47 of the Complaint, defendant denies each and every allegation contained therein.

56.     Responding to Paragraph 48 of the Complaint, defendant denies each and every allegation contained therein.

57.     Responding to Paragraph 49 of the Complaint, defendant refers to and incorporates by reference its responses to Paragraphs 1-48 of the Complaint.

58.     Responding to Paragraph 50 of the Complaint, defendant denies each and every allegation contained therein.

59.     Responding to Paragraph 51 of the Complaint, defendant denies each and every allegation contained therein.

60.     Responding to Paragraph 52 of the Complaint, defendant denies each and every allegation contained therein.

61.     Responding to Paragraph 53 of the Complaint, defendant denies each and every allegation contained therein.

62.     Responding to Paragraph 54 of the Complaint, defendant refers to and incorporates by reference its responses to Paragraphs 1-53 of the Complaint.

63.     Responding to Paragraph 55 of the Complaint, defendant lacks sufficient

knowledge or information to form a belief as to the truth of the allegations and on that basis denies each and every allegation contained therein.

64.    Responding to Paragraph 56 of the Complaint, defendant denies each and every allegation contained therein.

65.    Responding to Paragraph 57 of the Complaint, defendant denies each and every allegation contained therein.

66.    Responding to Paragraph 58 of the Complaint, defendant denies each and every allegation contained therein.

67.    Responding to Paragraph 59 of the Complaint, defendant denies each and every allegation contained therein.

68.    Responding to Paragraph 60 of the Complaint, defendant refers to and incorporates by reference its responses to Paragraphs 1-59 of the Complaint.

69.    Responding to Paragraph 61 of the Complaint, defendant denies each and every allegation contained therein.

70.    Responding to Paragraph 62 of the Complaint, defendant denies each and every allegation contained therein.

71.    Responding to Paragraph 63 of the Complaint, defendant refers to and incorporates by reference its responses to Paragraphs 1-62 of the Complaint.

72.    Responding to Paragraph 64 of the Complaint, defendant denies each and every allegation contained therein.

73.    Responding to Paragraph 65 of the Complaint, defendant denies each and every allegation contained therein.

74.    Responding to Paragraph 66 of the Complaint, defendant denies each and every allegation contained therein.

75.    Responding to Paragraph 67 of the Complaint, defendant refers to and incorporates by reference its responses to Paragraphs 1-66 of the Complaint.

76.    Responding to Paragraph 68 of the Complaint, defendant admits each and every allegation contained therein.

ANSWER OF DEFENDANT DOMINION ENTERPRISES, A VIRGINIA GENERAL PARTNERSHIP, TO COMPLAINT; JURY TRIAL DEMANDED

77.    Responding to Paragraph 69 of the Complaint, defendant denies each and every allegation contained therein.

78.    Responding to Paragraph 70 of the Complaint, defendant denies each and every allegation contained therein.

79.    Responding to Paragraph 71 of the Complaint, defendant denies that an actual controversy exists between plaintiff and defendant relating to their respective rights and duties arising out of the Mutual Agreement to Arbitrate.

80.    Responding to Paragraph 72 of the Complaint, defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations and on that basis denies each and every allegation contained therein.

AFFIRMATIVE DEFENSES

81.    As and for a First Affirmative Defense, defendant alleges and avers that the Complaint, or any purported claim therein, fails to state facts sufficient to constitute a claim.

82.    As and for a Second Affirmative Defense, defendant alleges and avers that the causes of action stated in the Complaint are barred by the applicable statute of limitations, including but not limited to California Government Code section 12960; California Code of Civil Procedure sections 337-340; and California Labor Code section 3600 *et seq*.

83.    As and for a Third Affirmative Defense, defendant alleges that plaintiff has unreasonably delayed in bringing this action to the prejudice of defendant and therefore the Complaint and each cause of action alleged therein is barred by the doctrine of laches.

84.    As and for a Fourth Affirmative Defense, defendant alleges that plaintiff's Complaint and each cause of action alleged therein is barred by virtue of plaintiff's conduct under the doctrine of unclean hands.

85.    As and for a Fifth Affirmative Defense, defendant alleges that plaintiff has waived her right to recover as set forth in the Complaint.

86.    As and for a Sixth Affirmative Defense, defendant alleges that plaintiff has directed, ordered, approved and/or ratified defendant's conduct, and is therefore estopped from asserting any claims against defendant.

87.     As and for a Seventh Affirmative Defense, defendant alleges that defendant's conduct, as alleged by plaintiff, was privileged and/or justified under applicable law.

88.     As and for an Eighth Affirmative Defense, defendant alleges that any recovery on the Complaint is barred in whole or in part on grounds that any action taken by defendant with respect to plaintiff was undertaken for legitimate nondiscriminatory or non-retaliatory reasons and with good cause.

89.     As and for a Ninth Affirmative Defense, defendant alleges that the Complaint and each cause of action alleged therein is barred by the after-acquired evidence doctrine.

90.     As and for a Tenth Affirmative Defense, defendant alleges that plaintiff's Complaint is barred, in whole or in part, by the exclusive remedy provisions of the California Workers' Compensation Act.

91.     As and for an Eleventh Affirmative Defense, defendant alleges that plaintiff, by the exercise of reasonable effort and/or care, could have mitigated the amount of damages alleged to have been suffered, but plaintiff has failed, neglected and refused, and continues to fail and refuse to exercise a reasonable effort to mitigate the damages.

92.     As and for a Twelfth Affirmative Defense, defendant alleges that this Court lacks subject matter jurisdiction in that plaintiff failed to timely and properly exhaust administrative remedies.

93.     As and for a Thirteenth Affirmative Defense, defendant alleges that the damages alleged by plaintiff are barred by the doctrine of avoidable consequences.

94.     As and for a Fourteenth Affirmative Defense, defendant alleges that any recovery on the Complaint and each cause of action alleged therein is barred, in whole or in part, because the accommodations sought by plaintiff would have resulted in undue hardship to defendant.

95.     As and for a Fifteenth Affirmative Defense, defendant alleges that the Complaint and each cause of action alleged therein is barred, in whole or in part, by plaintiff's failure to engage in good faith in an interactive process with defendant.

96.     As and for a Sixteenth Affirmative Defense, defendant alleges that the accommodations proposed by plaintiff were not reasonable.

97.    As and for a Seventeenth Affirmative Defense, defendant alleges that plaintiff presented a direct threat to the health or safety of herself or others in the workplace.

98.    As and for an Eighteenth Affirmative Defense, defendant alleges and avers that the Complaint and each purported cause of action contained therein is barred in whole or in part by plaintiff's own contributory and/or comparative fault.

99.    As and for a Nineteenth Affirmative Defense, defendant alleges and avers that the negligence or fault of others was the sole, contributory, or concurrent proximate cause or causes of the injuries or damages allegedly suffered by plaintiff, if any there were.  If liability is assessed against defendant, which liability defendant denies, defendant is only liable for the amount of plaintiff's non-economic damages allocated to it in direct proportion to its percentage of fault pursuant to California Civil Code section 1431 et seq.

100.    As and for a Twentieth Affirmative Defense, defendant alleges and avers that all conduct of which plaintiff complains was a just and proper exercise of business judgment undertaken for a fair and honest reason and regulated by good faith under the conditions then existing.

101.    As and for a Twenty-First Affirmative Defense, defendant alleges and avers that plaintiff's claim for punitive damages is limited or barred by the due process limitations of the United States Constitution.

102.    As and for a Twenty-Second Affirmative Defense, defendant alleges and avers that pursuant to an agreement between plaintiff and defendant, this action is subject to binding arbitration.

## JURY TRIAL DEMAND

Defendant has initiated arbitration of this matter and filed a motion requesting that this action be stayed pending arbitration.  In the event that this action is not stayed or does not remain in arbitration, defendant demands a trial by jury of all issues so triable.

///

///

///

ANSWER OF DEFENDANT DOMINION ENTERPRISES, A VIRGINIA GENERAL PARTNERSHIP, TO COMPLAINT; JURY TRIAL DEMANDED

<u>PRAYER</u>

WHEREFORE defendant DOMINION ENTERPRISES prays as follows;

1.      That plaintiff take nothing by reason of her complaint;

2.      That defendant be awarded costs of suit incurred herein, including reasonable attorneys' fees; and

3.      For such other and further relief as the Court deems just.


Dated:  April 28, 2008                    DILLINGHAM & MURPHY, LLP
                                          CARLA J. HARTLEY
                                          WILLIAM P. WILSON


                            By:    _____
                                   Attorneys for defendant
                                   DOMINION ENTERPRISES

ANSWER OF DEFENDANT DOMINION ENTERPRISES, A VIRGINIA GENERAL PARTNERSHIP, TO COMPLAINT; JURY TRIAL DEMANDED

**CERTIFICATE OF SERVICE**

I am a citizen of the United States, and employed in the City and County of San Francisco. I am over the age of eighteen (18) years, and not a party to the within above-entitled action. My business address is 225 Bush Street, Sixth Floor, San Francisco, California 94104-4207. On April 28, 2008, I served the following document on the party listed below:

**ANSWER OF DEFENDANT DOMINION ENTERPRISES, A VIRGINIA GENERAL PARTNERSHIP, TO COMPLAINT; JURY TRIAL DEMANDED**

**XX** **(BY MAIL)** By depositing for collection and mailing, following ordinary business practices, a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid. I am readily familiar with this business' practice for collection and processing of correspondence for mailing with the U.S. Postal Service. The correspondence is deposited with the U.S. Postal Service the same day in the ordinary course of business.

Eric G. Young, Esq.
Law Offices of Eric G. Young
141 Stony Point Circle, Suite 202
Santa Rosa, CA 95401
Tel: 707-575-5005
Fax: 707-575-5395
*Attorney for Plaintiff RITA SIGLAIN*

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on April 28, 2008, at San Francisco, California.

Mardoux Torrise

Page 1 – Case No. CV-08-2108 JL
Certificate of Service