ERIC G. YOUNG, ESQ. (SBN 190104)
LAW OFFICES OF ERIC G. YOUNG
The Courtyard
141 Stony Circle, Suite 202
Santa Rosa, CA 95401
Telephone: 707.575.5005
Facsimile: 707.575.5395
Email: eyounglaw@hotmail.com,
ericgyoung@gmail.com

Attorneys for Plaintiff
RITA SIGLAIN

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA - SAN FRANCISCO DIVISION

| | |
|---|---|
| RITA SIGLAIN,<br><br>　　　　Plaintiff,<br><br>v.<br><br>TRADER PUBLISHING COMPANY, a Virginia Partnership; DOMINION ENTERPRISES, INC., a Virginia corporation; LANDMARK COMMUNICATIONS, INC., a Virginia corporation; BEST IMAGE MARKETING, INC., a California corporation,<br><br>　　　　Defendants. | Case No. CV-08-2108 JL<br><br>**PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR DECLARATORY AND INJUNCTIVE RELIEF ENJOINING ENFORCEMENT OF ARBITRATION AGREEMENT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION AND IN OPPOSITION TO DEFENDANT'S MOTION TO STAY ACTION PENDING ARBITRATION**<br><br>Date:　July 2, 2008<br>Time:　9:30 a.m.<br>Dept.:　F<br>Judge:　The Honorable James Larson,<br>　　　　Magistrate Judge |

## **TABLE OF CONTENTS**

Table of Authorities.................................................................................... ii

Notice of Motion and Motion...................................................................... 1

Memorandum of Points and Authorities..................................................... 1-18

    I. Statement of Facts and Procedural History........................................ 1-3

    II. Legal Argument................................................................................ 3-18

        A. The Arbitration Agreement In This Case Is Both Procedurally And Substantively Unconscionable And Should Not Be Enforced Against The Plaintiff............. 3-18

            1. The Arbitration Agreement Is Procedurally Unconscionable Because It Was Offered On A "Take It Or Leave It" Basis With No Opportunity For Individual Negotiation Between Employer And Employee Or An Opportunity To "Opt Out"...... 4-6

            2. The Arbitration Agreement Is Unconscionable Because It Places Unreasonable And Arbitrary Limitations On Discovery, Depriving Plaintiff Of A Fair Opportunity To Vindicate Her Employment Law Claims................................................... 6-9

            3. The Arbitration Agreement Is Not "Mutual" Because The Defendant Remains Able To Access The Courts To Vindicate Those Claims It Is Most Likely To Bring, While Plaintiff Is Relegated Solely To Binding Arbitration On Those Claims She Is Most Likely To Bring............... 9-11

            4. The Arbitration Agreement Was Misrepresented To Plaintiff As Being "Just A First Step" In The Event An Employment Dispute Ever Arose With Defendant........................................................................ 11-12

            5. The Arbitration Agreement Is Substantively Unconscionable Because It Mandates The Use Of The American Arbitration Association And Does Not Guarantee A Neutral Arbitrator......................... 12-13

            6. The Arbitration Agreement Contains A Choice Of Law Provision That Should Be Declared Void As Against Public Policy.................................................. 13-17

        B. Injunctive Relief Is Appropriate In This Case To Protect Plaintiff From An Unconscionable Contract And To Preserve Her Right Of Access To Court........................ 18

    III. Conclusion........................................................................................ 18

# TABLE OF AUTHORITIES

**Federal Statutes**

| | |
|---|---|
| 9 U.S.C. § 1 | 3 |

**California Statutes**

| | |
|---|---|
| Civil Code section 1670.5(a) | 3 |
| Civil Code section 3528 | 11 |
| Government Code section 12940, 12940(m) | 15, 16 |
| Government Code section 12926(d) | 16 |
| 2000 Cal. Legis. Serv. Ch. 1049, § 5, amending Govt. Code, § 12926(k)(1)(B) | 16 |
| 2000 Cal. Legis. Serv. Ch. 1049, § 5, amending Govt. Code, § 12926(k)(5) | 16 |
| 2000 Cal. Legis. Serv. Ch. 1049, § 5, amending Govt. Code, § 12926(h)(1)-(2) | 16 |

**Federal Cases**

| | |
|---|---|
| *Circuit City Stores v. Adams*, 279 F.3d 889 (9th Cir. 2002) | 3 |
| *Davis v. O'Melveny & Myers*, 485 F.3d 1066 (9th Cir. 2007) | 4, 5, 6 |
| *First Options of Chicago, Inc. v. Kaplan*, 514 U.S. 938 (1995) | 3 |
| *Hinch v. Duncan*, 941 F.Supp. 62 (W.D. Va. 1996) | 17 |
| *Ingle v. Circuit City Stores, Inc.*, 328 F.3d 1165 (9th Cir. 2003) | 5 |
| *Stafford v. Radford Comm. Hosp.*, 908 F. Supp. 1369 (W.D. Va. 1995) | 16 |
| *Tyndall v. National Education Centers*, 31 F.3d 209 (4th Cir. 1994) | 17 |

**California Cases**

| | |
|---|---|
| *Armendariz v. Found. Health Psychcare Servs.*, 24 Cal.4th 83 (2000) | 3, 4, 6, 12, 13 |
| *Fitz v. NCR Corp.*, 118 Cal.App.4th 702 (2004) | 6, 7, 8, 9 |
| *Hall v. Superior Court*, 150 Cal.App.3d 411 (1983) | 14, 15 |
| *Haas v. County of San Bernardino*, 27 Cal.4th 1017 (2002) | 12 |
| *Jensen v. Wells Fargo Bank*, 85 Cal.App.4th 245 (2000) | 16 |
| *Martinez v. Master Protection Corp.*, 118 Cal.App. 4th 107 (2004) | 10, 11 |
| *Mercuro v. Superior Court*, 96 Cal.App.4th 167 (2002) | 11 |

*Nyulassy v. Lockheed Martin Corp.*, 120 Cal.App.4th 1267 (2004) .................... 11

*O'Hare v. Municipal Resources Consultants,* 107 Cal.App.4th 267 (2003) ................ 11

*Olinick v. BMG Entertainment*, 138 Cal.App.4th 1286 (2006) .......................... 13, 14

*Tameny v. Atlantic Richfield Co.*, 27 Cal.3d 167 (1980) .................................... 17

**Relevant Virginia Statutes & Secondary Sources**

Va. Code Ann. § 51.5-41 ............................................................................ 16

5 Emp. Coord. Employment Practices § 9:124 Virginia .................................. 16

Parry, John, *Disability Discrimination Law, Evidence and Testimony*
2008 ABA Comm. on Mental and Phys. Disability Law, p. 417 ...................... 8

Rose, Daniel J., *Litigating the Employment Tort Case* (2nd ed.)
ABA Tort and Insurance Practice Section, pp. 34-35 .................................... 8

TO DEFENDANT DOMINION ENTERPRISES AND ITS ATTORNEYS OF RECORD:

### NOTICE OF MOTION AND MOTION

PLEASE TAKE NOTICE that on July 2, 2008 at 9:30 a.m. in Courtroom F of the above-captioned Court, Plaintiff RITA SIGLAIN will, and hereby does, move this Court for declaratory relief pursuant to 28 U.S.C. § 2201 and for injunctive relief pursuant to Federal Rules of Civil Procedure, Rule 65.

This Motion is made on the grounds that declaratory relief is proper in this case to "declare the rights and other legal relations" of the parties under the terms of a certain Arbitration Agreement entered into by the parties on May 17, 2005. (28 U.S.C. § 2201.) In addition, this Motion is made on the grounds that injunctive relief is proper to enjoin Defendant and its agents, officer and attorneys from enforcing the Arbitration Agreement because the Arbitration Agreement is procedurally and substantively unconscionable. As such, if it is enforced against her, Plaintiff will suffer immediate and irreparable injury by being denied access to a court of law and forced to pursue her claims under an unconscionable contract with Defendants.

This Motion is based upon this Notice of Motion and Motion, the Points and Authorities, and Declarations, filed and served herewith, on the papers and records on file in this action, and on such other and further evidence as may be presented to the Court on this matter.

### MEMORANDUM OF POINTS AND AUTHORITIES

### I.  STATEMENT OF FACTS AND PROCEDURAL HISTORY

Plaintiff RITA SIGLAIN first began working for BEST IMAGE MARKETING (BEST IMAGE) in January 2001, a small publishing company in Lake County. She continued to work for BEST IMAGE until March 16, 2005. On May 17, 2005, BEST IMAGE was acquired by a large Virginia company called TRADER PUBLISHING COMPANY (TRADER). Subsequently, TRADER PUBLISHING COMPANY became Defendant DOMINION ENTERPRISES

///