(DOMINION). Plaintiff continued working for Defendant until Defendant terminated her employment while she was on medical leave on or about July 7, 2007.

When BEST IMAGE was acquired by TRADER/DOMINION, BEST IMAGE's employees, including Plaintiff, were presented with an agreement entitled Mutual Agreement to Arbitrate (the Arbitration Agreement) and an Agreement With Restrictive Covenants. The Arbitration Agreement was presented to BEST IMAGE's employees at a group gathering in a local hotel.

During this fast-paced, hurried gathering, no one was given an opportunity to negotiate the terms of the Arbitration Agreement, opt out of the arbitration procedures, or even have the agreement reviewed by third-party advisors. Moreover, the terms of the Arbitration Agreement were represented to Plaintiff as being just a first step should a future employment dispute with Defendant arise – not as a binding, final step in determining such disputes.

In addition to the foregoing, a number of provisions of the Arbitration Agreement call its enforceability into question. For example, the Arbitration Agreement limits discovery in a manner that is unfairly disadvantageous to Plaintiff. Moreover, the Arbitration Agreement restricts Plaintiff to arbitrating all likely claims she might have against Defendant (other than certain administrative claims), while preserving Defendant's ability to seek injunctive and other relief through the courts for claims involving trade secrets, unfair competition, and improper use of Defendant's proprietary materials.

Finally, the Arbitration Agreement contains a "choice of law" provision, requiring that it be construed and governed in accordance with laws of Virginia. Unlike California, Virginia's disability laws are not protective of the rights of disabled employees. This choice of law provision also unfairly disadvantages Plaintiff by depriving her of important civil rights protections available to California citizens.

On February 5, 2008, Plaintiff filed suit in the Lake County Superior Court for age and disability discrimination in violation of the Age Discrimination in Employment Act (ADEA) and

the California Fair Employment and Housing Act (FEHA), failure to accommodate in violation of the FEHA, wrongful discharge in violation of public policy, and related tort claims. In addition, Plaintiff also sought declaratory relief regarding the Arbitration Agreement.

On April 23, 2008, Defendant removed the case to this Court. Defendant also commenced arbitration under the terms of the Arbitration Agreement on or about April 23, 2008. No arbitrator has yet been appointed, and no hearing has occurred.

On or about April 23, 2008, Defendant also filed a Motion to Stay Action Pending Arbitration, and the matter was set for hearing on June 4, 2008. Pursuant to a Stipulation of the parties filed on May 13, 2008, the June 4th hearing was continued to July 2, 2008 to allow Plaintiff to file this Motion for Declaratory and Injunctive Relief and to have both parties' Motions heard simultaneously.

## II.  LEGAL ARGUMENT

### A.  The Arbitration Agreement In This Case Is Both Procedurally And Substantively Unconscionable And Should Not Be Enforced Against The Plaintiff

Employment contracts are governed by the Federal Arbitration Act (FAA). 9 U.S.C. § 1. However, ordinary state law contract principles are applied to determine whether or not the parties have an enforceable agreement to arbitration employment-related claims. (*First Options of Chicago, Inc. v. Kaplan,* 514 U.S. 938, 944 (1995).) General contract defenses such as fraud, duress or unconscionability, grounded in state contract law, may operate to invalidate arbitration agreements. (*Circuit City Stores v. Adams,* 279 F.3d 889 (9th Cir. 2002).)

In California, if the court finds as a matter of law that a contract, or any clause contained within it, is unconscionable at the time it was made, the court may refuse to enforce the contract. (Cal. Civ. Code, § 1670.5(a).) Under the principles from *Armendariz v. Found. Health Psych. Serv.,* 24 Cal.4th 83, 114 (2000), unconscionability has both a procedural and a substantive component, but these components need not be present to the same degree. Instead, California law imposes a "sliding-scale" formula - "the more substantively oppressive the contract term, the

less evidence of procedural unconscionability is required to come to the conclusion that the term is unenforceable, and vice versa." (*Id.* at 114.)

In this case, Plaintiff contends that the Arbitration Agreement at issue is both procedurally and substantively unconscionable, lacks mutuality, was misrepresented at the time it was signed, and would be unduly burdensome and violate public policy if it is enforced against her. For those reasons, Plaintiff requests that the Court declare that she is not bound by the Arbitration Agreement and that Defendant be enjoined from further enforcing its terms.

1. **The Arbitration Agreement Is Procedurally Unconscionable Because It Was Offered On A "Take It Or Leave It" Basis With No Opportunity For Individual Negotiation Between Employer And Employee Or An Opportunity To "Opt Out"**

In *Armendariz*, the California Supreme Court held that an arbitration agreement in the employment context is procedurally unconscionable as a contract of adhesion when it is imposed on the employee as a condition of employment and there is no opportunity to negotiate its terms. (*Armendariz, supra,* 24 Cal.4th at 114-115.) This principle has been repeatedly followed in the 9th Circuit. (*Davis v. O'Melveny & Myers,* 485 F.3d 1066, 1073 (9th Cir. 2007), citing *Circuit City Stores, Inc. v. Adams,* 279 F.3d 889, 893 (9th Cir. 2002) [arbitration agreement procedurally unconscionable where it is presented on a "take it or leave it" basis.], *Ferguson v. Countrywide Credit Industries, Inc.,* 298 F.3d 778, 793 (9th Cir. 2002) [same]. On the other hand, where employees have an opportunity to negotiate the terms of an arbitration agreement, or even to meaningfully opt out and keep their employment, such agreements have been upheld. (*Davis, supra,* 485 F.3d at 1073, citing *Circuit City Stores, Inc. v. Najd,* 294 F.3d 1104, 1108 (9th Cir. 2002); *Circuit City Stores, Inc. v. Ahmed,* 283 F.3d 1198, 1200 (9th Cir. 2002).)

In this case, a *high degree of procedural unconscionability* taints the Arbitration Agreement. First, the Arbitration Agreement was presented to already-existing employees of BEST IMAGE *en masse,* and not on any individual basis. These employees had not been bound by any form of arbitration prior to Defendant's take over of BEST IMAGE. (*See,* Plaintiff's

Motion for Declaratory and
Injunctive Relief                              4

Declaration, page 1, lines 22-23; Christensen Declaration, page 2, lines 1-2.) Defendant presented the Arbitration Agreement to the employees at a hotel gathering that was "fast-paced, hasty, hurried, hectic," and filled with a "sense of urgency." (*See,* Plaintiff's Declaration, page 1, lines 17, 24; Christensen Declaration, page 1, line 17; page 2, lines 3-15.) At the same time that the Arbitration Agreement was presented, Defendant also presented the employees with a "substantial packet" of other employment-related documents, including benefits and health insurance information. (Christensen Declaration, page 1, lines 22-27.)

Second, Defendants gave the employees no opportunity to negotiate the terms of the Arbitration Agreement, and employees were expected to sign the Arbitration Agreement if they wanted to continue their employment. (Plaintiff's Declaration, page 1, lines 24-27; Christensen Declaration, page 2, lines 14-15.) Defendants did not offer the employees any opportunity to "opt out" of the Arbitration Agreement. (Christensen Declaration, page 2, line 19.)

Third, Defendants did not allow the employees any time to consider the terms of the Arbitration Agreement before requiring the employees to sign it. (Christensen Declaration, page 2, lines 19-20.)

Under these circumstances, a high degree of procedural unconscionability existed at the time the Arbitration Agreement was signed. In reversing the decision of the District Court, the 9th Circuit, in *Davis, supra,* 485 F.2d at 1074, invalidated an arbitration agreement between employer and employee even though the employer had given its employees some three months' notice of a new dispute resolution program before the program became effective.

In rejecting the employer's "three-month notice" argument,[1] the *Davis* Court wrote that the employer's reasoning was "impossible...to square" with the holdings of *Ingle v. Circuit City Stores, Inc.,* 328 F.3d 1165, 1172 (9th Cir. 2003) (*Ingle I*) (rejecting argument that a "take it or leave it" arbitration provision is procedurally saved by providing employees with time to

---

[1] The employer in *Davis* attempted to distinguish its dispute resolution procedures from the one in *Ingle* where the employee was only given 3 days to consider the agreement.

Motion for Declaratory and
Injunctive Relief                                          5