> law provisions are usually respected by California courts...an agreement designating [a foreign law] will not be given effect if it would violate a strong California public policy...[or] result in an evasion of...a statute of the forum protecting its citizens."

(*Hall, supra*, 150 Cal.App.3d at 416-417.)

The Court concluded that California law evinced a strong public policy in favor of protecting the public from fraudulent securities transactions. Therefore, the Nevada choice of law provision was not enforced. (*Hall, supra*, 150 Cal.App.3d at 417-418.)

Similarly, this Court should adopt the holding of *Hall*. California law demonstrates an equally strong – if not stronger – public policy in favor of eliminating discrimination by employers. In enacting the FEHA, for example, the California Legislature expressly stated the strong public policy in favor of eliminating employment discrimination:

> "The Legislature finds and declares that it is the existing policy of the State of California to prohibit harassment and discrimination in employment on the basis of any protected classification. Such conduct whether intentional or unintentional is a violation of the civil rights of California citizenry and has been shown to decrease productivity in the workforce. It is the existing policy of the State of California, as declared by the Legislature, that procedures be established by which allegations of prohibited harassment and discrimination may be filed, timely and efficiently investigated, and fairly adjudicated, and that agencies and employers be required to establish affirmative programs which include prompt and remedial internal procedures and monitoring so that worksites will be maintained free from prohibited harassment and discrimination by their agents, administrators, and supervisors as well as by their nonsupervisors and clientele. To further this intent, the Legislature enacts this act."

(Cal. Govt. Code, § 12940, historical and statutory comments.)

California's public policy is particularly strong on the subject of ending discrimination based on an employee's disability. In 2000, the Legislature enacted the Prudence Kay Poppink Act (the Act), which significantly expanded California's disability law. First, the Act allows a disabled employee to prevail by showing that their impairment limits, rather than substantially limits, a major life activity as is required by the Americans With Disabilities Act (ADA).[3] (*See,*

---

[3] Because the FEHA defines a disability as something that merely "limits" an employee, while the ADA defines a disability as something that "substantially limits" an employee, application of the two statutes can lead to different results in the same case. (*See, e.g., EEOC v. United Parcel Service, Inc.* 2005 WL 2233243 (9th Cir. 2005).)

Motion for Declaratory and
Injunctive Relief                                  15

2000 Cal. Legis. Serv. Ch. 1049 § 5, amending Cal. Govt. Code, § 12926(k)(1)(B).) Second, the Act expands the ability of plaintiffs to prevail on "regarded as" disabled claim, including providing for recovery where an employer regards or treats employees as having a condition that might impair them in the future. (*Id.*, amending Cal. Gov't Code § 12926 (k)(5).)[4] Third, the Act explicitly covers "medical conditions," including genetic characteristics. (*Id.*, amending Cal. Gov't Code § 12926 (h)(1)-(2).)

In addition, at about the same time as the Act was passed, the California Court of Appeals held in *Jensen v. Wells Fargo Bank*, 85 Cal.App.4th 245 (2000) that a failure to accommodate a disabled employee was an unlawful employment practice <u>separate and distinct</u> from disability discrimination. In light of these advances, there can be little doubt that California's public policy strongly favors eliminating employment discrimination based on disability.

Unfortunately, Virginia law is not so clear. The Virginia statute most analogous to the FEHA is the "Virginians With Disabilities Act." (VWDA) (Va. Code Ann. § 51.5-41.) Like its name suggests, the VWDA closely parallels the ADA. It requires a showing that an employee's disability "substantially limits" one or more major life activities. (*Id.*) (*See also,* 5 Emp. Coord. Employment Practices § 9:124 Virginia.) It does not contain the more generous "limits" language of the FEHA.

Furthermore, while the VWDA requires employers to make reasonable accommodations for a disabled employee, an accommodation costing $500 or more creates a rebuttable presumption of an undue burden on employers of fewer than 50 employees. (Va. Code Ann § 51.5-41(c)(2).) California law imposes the FEHA's reasonable accommodation requirements on employers with 5 or more employees, and contains no such rebuttable presumption. (Cal. Govt. Code, § 12926(d).) Under the FEHA, the burden of showing that a proposed accommodation would be unduly burdensome always rests with the employer. (Cal. Govt. Code, § 12940(m).)

---

[4] This feature of the FEHA is particularly important where, as here, an employee alleges that she was terminated while on medical leave for a condition that an employer might well have determined, unlawfully, would impair her in the future.

Motion for Declaratory and
Injunctive Relief                                        16

In addition, the case law interpreting the VWDA and Virginia employment law in general reflects a forum that is hostile to the claims of disabled employees. In *Stafford v. Radford Comm. Hosp.*, 908 F.Supp. 1369, 1375 (W.D. Va. 1995), the Western District Court, applying Virginia state law, held that there is no private cause of action in Virginia for wrongful discharge in violation of public policy based on disability. This result differs markedly from the result under California law which recognizes these so-called "Tameny claims" pursuant to the holding of *Tameny v. Atlantic Richfield Co.*, 27 Cal.3d 167, 172 (1980). This result also means that, if Plaintiff is required to arbitrate under the laws of the Commonwealth of Virginia, she will automatically lose her right to pursue her fifth cause of action.

Virginia's case law on reasonable accommodations is equally restrictive. Of the reported decisions found by Plaintiff (of which there were surprisingly few), virtually all resulted in decisions favoring the employer.[5] (*See, e.g., Hinch v. Duncan*, 941 F. Supp. 62 (W.D. Va. 1996); *Tyndall v. National Education Centers*, 31 F.3d 209 (4th Cir. 1994).)

For these reasons, the rationale of the *Olinick* Court should be disregarded. Unlike New York's employment laws, which more closely mirror California's, Virginia's disability laws are highly *dis*-advantageous to a relatively unsophisticated, disabled employee like Plaintiff. Enforcing the choice of law provision in the Arbitration Agreement here will project Virginia's restrictive view of the rights and remedies of disabled persons into the State with, perhaps, the most expansive view of these rights and remedies. The result: Defendant will be permitted to do employ individuals in California, while violating California's strong public policies condemning disability discrimination in employment and evading those statutes carefully crafted by our Legislature to protect California's citizenry. This is precisely the result condemned in *Hall*, and it should not be permitted here.

///

---

[5] Plaintiff acknowledges that, due to their similarity, there may be additional Virginia cases applying the ADA. However, even if they exist, this does not cure the problems presented by the choice of law provision in the Arbitration Agreement because California law is far broader than the ADA.

Motion for Declaratory and
Injunctive Relief                     17

**B.  Injunctive Relief Is Appropriate In This Case To Protect Plaintiff From An Unconscionable Contract And To Preserve Her Right Of Access To Court**

In view of the procedural and substantive unconscionability of the Arbitration Agreement, Plaintiff should not be held to its shocking, one-sided, unfair terms. Arbitration has already been commenced by Defendant, however, and unless the Court also enters an order enjoining Defendant and its attorneys from further enforcement of the Arbitration Agreement, Plaintiff will suffer irreparable injury. Therefore, in addition to declaratory relief, Plaintiff requests an order permanently enjoining Defendant from enforcing the Arbitration Agreement.

### III.  CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that this Motion be granted, and that the Court declare that she is not bound by the terms of the Arbitration Agreement. Plaintiff further requests an injunction permanently enjoining enforcement of the Arbitration Agreement against her.

Respectfully submitted,

Dated: May 27, 2008

LAW OFFICES OF ERIC G. YOUNG

By: _____
Eric G. Young, Attorney for Plaintiff
RITA SIGLAIN