DILLINGHAM & MURPHY, LLP
CARLA J. HARTLEY (STATE BAR NO. 117213)
WILLIAM P. WILSON (STATE BAR NO. 230444)
225 Bush Street, 6th Floor
San Francisco, California 94104-4207
Telephone:    (415) 397-2700
Facsimile:    (415) 397-3300

Attorneys for Defendant
DOMINION ENTERPRISES

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA – SAN FRANCISCO DIVISION

| | |
|---|---|
| RITA SIGLAIN, an individual,<br><br>Plaintiff,<br><br>v.<br><br>TRADER PUBLISHING COMPANY, a Virginia General Partnership; DOMINION ENTERPRISES, INC., a Virginia corporation; LANDMARK COMMUNICATIONS, INC., a Virginia corporation; BEST IMAGE MARKETING, INC., a California corporation,<br><br>Defendants. | Case No. CV-08-2108 JL<br><br>DECLARATION OF CARLA J. HARTLEY IN OPPOSITION TO PLAINTIFF'S MOTION FOR DECLARATORY AND INJUNCTIVE RELIEF ENJOINING ENFORCEMENT OF ARBITRATION AGREEMENT AND IN SUPPORT OF DEFENDANT'S MOTION TO STAY<br><br>Date:      July 2, 2008<br>Time:     9:30 a.m.<br>Dept.:    Courtroom F<br>Judge:    The Honorable James Larson<br>              Magistrate Judge |

I, CARLA J. HARTLEY, do declare:

1.      I am an attorney at law, licensed to practice before all the courts of California, and a shareholder in Dillingham & Murphy, LLP, attorneys of record for defendant Dominion Enterprises. I have personal knowledge of the matters set forth in this Declaration, except as to those stated on information and belief, and if called to testify thereto could do so competently.

2.      Attached hereto as Exhibit 1 is a true and correct copy of the American Arbitration Association's Qualification Criteria for Admittance to the AAA National Roster of Arbitrators. Attached hereto as Exhibit 2 is a true and correct copy of the indicated pages of the American Arbitration Association's Employment Arbitration Rules and Mediation Procedures. I downloaded both of these documents from the American Arbitration Association's website.

3.      Attached hereto as Exhibit 3 is a true and correct copy of an email exchange

1   between our Case Manager at the American Arbitration Association and plaintiff's counsel which I

2   was copied on.

3        I declare under penalty of perjury under the laws of the United States of America that the

4   foregoing is true and correct and that this Declaration was executed on June 9, 2008 in San

5   Francisco, California.

6

7

8   CARLA J. HARTLEY

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Exhibit 1

**American Arbitration Association**
*Dispute Resolution Services Worldwide*

NEUTRALS *eCenter*

**Qualification Criteria for Admittance to the AAA National Roster
of Arbitrators**

The American Arbitration Association (AAA) is the nation's leading provider of alternative dispute resolution services. Openings on our Regional Roster of Neutrals are extremely limited, based primarily on caseload needs and user preferences. Consequently, even candidates with strong credentials may not be added to our roster.

Applicants for membership on the AAA National Roster of Arbitrators must meet or exceed the following requirements:

**1. QUALIFICATIONS**

  a.  Minimum of 10 years of senior-level business or professional experience or legal practice.

  b.  Educational degree(s) and/or professional license(s) appropriate to your field of expertise.

  c.  Honors, awards and citations indicating leadership in your field.

  d.  Training or experience in arbitration and/or other forms of dispute resolution.

  e.  Membership in a professional association(s).

  f.  Other relevant experience or accomplishments (e.g. published articles).

**2. NEUTRALITY**

  a.  Freedom from bias and prejudice.

  b.  Ability to evaluate and apply legal, business or trade principles.

**3. JUDICIAL CAPACITY**

  a.  Ability to manage the hearing process.

  b.  Thorough and impartial evaluation of testimony and other evidence.

**4. REPUTATION**

  a.  Held in the highest regard by peers for integrity, fairness and good judgment.

  b.  Dedicated to upholding the AAA Code of Ethics for Arbitrators and/or Standards of Conduct for Mediators.

**5. COMMITMENT TO ADR PROCESS**

  a.  Willingness to devote time and effort when selected to serve.

  b.  Willingness to support efforts of the AAA.

  c.  Willingness to successfully complete training under the guidelines of the Commercial Arbitration Development Program.

American Arbitration Association
*Dispute Resolution Services Worldwide*

NEUTRALS *eCenter*

### 6. LETTERS OF RECOMMENDATION*

When requested by the AAA to do so, furnish letters from at least three active professionals in your field, but outside of any firms or professional associations in which you are employed or on which you currently serve as an officer, director or trustee. Each letter must address the following:

   a.   Nature and duration of the relationship

   b.   Why the applicant would be qualified to serve

Recommended sources for letters:

   1.   Current AAA Panel member

   2.   Current or former state or federal judge**

   3.   An attorney who served as your opposing counsel**

   4.   Former employer or client

\* Letters of recommendation must be sent directly to the AAA Vice President from the writers, in sealed envelopes.

\*\* Suggested for attorney applicants.

### 7. PERSONAL LETTER

Submit a letter to your local AAA office explaining why you feel you would like to be included on AAA's Roster of Arbitrators along with a current copy of your personal resume or CV. Your letter should provide a detailed description of your willingness to commit yourself to serving and representing the Association. Also indicate in the letter whether or not you are currently a neutral with any other ADR agencies.  Please feel free to contact your local AAA office should you have any questions.

Exhibit 2

Search ▶
Checkout ▶

| ABOUT US | DISPUTE RESOLUTION SERVICES | FILE A CASE | AAA UNIVERSITY | NEUTRALS |
| CONTACT US |

PRINT VERSION

# Employment Arbitration Rules and Mediation PROCEDURES

Amended and Effective July 1, 2006

To view the summary of changes, click here.

Table of Contents

Introduction
Role of the American Arbitration Association
Legal Basis of Employment ADR
The Fairness Issue: The Due Process Protocol
AAA's Employment ADR Rules
AAA's Policy on Employment ADR
Notification
Costs of Employment Arbitration
Designing an ADR Program
Alternative Dispute Resolution Options
Types of Disputes Covered

Employment Arbitration Rules and Mediation Procedures
1. Applicable Rules of Arbitration
2. Notification
3. AAA as Administrator of the Arbitration
4. Initiation of Arbitration
5. Changes of Claim
6. Jurisdiction
7. Administrative and Mediation Conferences
8. Arbitration Management Conference
9. Discovery
10. Fixing of Locale
11. Date, Time, and Place of Hearing
12. Number, Qualifications, and Appointment of Neutral Arbitrators
13. Party Appointed Arbitrators
14. Appointment of Chairperson by Party-Appointed Arbitrators or Parties
15. Disclosure
16. Disqualification of Arbitrator
17. Communication with Arbitrator
18. Vacancies
19. Representation
20. Stenographic Record
21. Interpreters

22. Attendance at Hearings

23. Confidentiality

24. Postponements

25. Oaths

## 26. Majority Decision

## 27. Dispositive Motions

28. Order of Proceedings

29. Arbitration in the Absence of a Party or Representative

30. Evidence

31. Inspection

## 32. Interim Measures

33. Closing of Hearing

34. Reopening of Hearing

35. Waiver of Oral Hearing

36. Waiver of Objection/Lack of Compliance with These Rules

37. Extensions of Time

## 38. Serving of Notice

39. The Award

40. Modification of Award

41. Release of Documents for Judicial Proceedings

42. Applications to Court

43. Administrative Fees

## 44. Neutral Arbitrator's Compensation

45. Expenses

## 46. Deposits

47. Suspension for Non-Payment

## 48. Interpretation and Application of Rules


Costs of Arbitration (including AAA Administrative Fees)

## For Disputes Arising Out of Employer-Promulgated Plans

Filing Fees

Hearing Fees

## Postponement/Cancellation Fees

Hearing Room Rental

## Abeyance Fees

## Expenses


## For Disputes Arising Out of Individually-Negotiated Employment Agreements and Contracts


Filing Fees and Case Service Fees

Refund Schedule

Hearing Room Rental

## Abeyance Fee

Expenses

For Disputes Proceeding Under the Supplementary Rules for Class Action Arbitration ("Supplementary Rules")


Optional Rules for Emergency Measures of Protection

O-1. Applicability

O-2. Appointment of Emergency Arbitrator

O-3. Schedule

O-4. Interim Award
O-5. Constitution of the Panel
O-6. Security
O-7. Special Master
## O-8. Costs

## Employment Mediation Procedures
1. Agreement of Parties
2. Initiation of Mediation
3. Request for Mediation
## 4. Appointment of Mediator
## 5. Qualifications of Mediator
6. Vacancies
7. Representation
8. Date, Time, and Place of Mediation
## 9. Identification of Matters in Dispute
## 10. Authority of Mediator
11. Privacy
12. Confidentiality
13. No Stenographic Record
14. Termination of Mediation
15. Exclusion of Liability
## 16. Interpretation and Application of Rules
## 17. Expenses
## Mediation Fee Schedule

Introduction

Federal and state laws reflecting societal intolerance for certain workplace conduct, as well as court decisions interpreting and applying those statutes, have redefined responsible corporate practice and employee relations. Increasingly, employers and employees face workplace disputes involving alleged wrongful termination, sexual harassment, or discrimination based on race, color, religion, sex, national origin, age, and disability.

As courts and administrative agencies become less accessible to civil litigants, employers and their employees now see alternative dispute resolution ("ADR") as a way to promptly and effectively resolve workplace disputes. ADR procedures are becoming more common in contracts of employment, personnel manuals, and employee handbooks.

Increasingly, corporations and their employees look to the American Arbitration Association as a resource in developing prompt and effective employment procedures for employment-related disputes. These rules have been developed for employers and employees who wish to use a private alternative to resolve their disputes, enabling them to have complaints heard by an impartial person with expertise in the employment field. These procedures benefit both the employer and the individual employee by making it possible to resolve disputes without extensive litigation.

Role of the American Arbitration Association

The American Arbitration Association, founded in 1926, is a not-for-profit, public service organization dedicated to the resolution of disputes through mediation, arbitration, elections, and other voluntary dispute resolution procedures. Millions of workers are now covered by employment ADR plans administered by the AAA.

In addition, the AAA provides education and training, specialized publications, and research on all forms of dispute settlement. With 30 offices worldwide and cooperative agreements with arbitral institutions in 63 other nations, the American Arbitration Association is the nation's largest private provider of ADR services.

For over 80 years, the American Arbitration Association has set the standards for the development of fair and equitable dispute resolution procedures. The development of the *Employment Arbitration Rules and Mediation Procedures*, and the reconstitution of a select and

ix.  whether the parties will summarize their arguments orally or in writing;
x.  the form of the award;
xi.  any other issues relating to the subject or conduct of the arbitration;
xii.  the allocation of attorney's fees and costs;
xiii.  the specification of undisclosed claims;
xiv.  the extent to which documentary evidence may be submitted at the hearing;
xv.  the extent to which testimony may be admitted at the hearing telephonically, over the internet, by written or video-taped deposition, by affidavit, or by any other means;
xvi.  any disputes over the AAA's determination regarding whether the dispute arose from an individually-negotiated employment agreement or contract, or from an employer-promulgated plan (see Costs of Arbitration section).

The arbitrator shall issue oral or written orders reflecting his or her decisions on the above matters and may conduct additional conferences when the need arises.

There is no AAA administrative fee for an Arbitration Management Conference.

## 9. Discovery

The arbitrator shall have the authority to order such discovery, by way of deposition, interrogatory, document production, or otherwise, as the arbitrator considers necessary to a full and fair exploration of the issues in dispute, consistent with the expedited nature of arbitration.

The AAA does not require notice of discovery related matters and communications unless a dispute arises. At that time, the parties should notify the AAA of the dispute so that it may be presented to the arbitrator for determination.

## 10. Fixing of Locale (the city, county, state, territory, and/or country of the arbitration)

If the parties disagree as to the locale, the AAA may initially determine the place of arbitration, subject to the power of the arbitrator(s), after their appointment to make a final determination on the locale. All such determinations shall be made having regard for the contentions of the parties and the circumstances of the arbitration.

## 11. Date, Time, and Place (the physical site of the hearing within the designated locale) of Hearing

The arbitrator shall set the date, time, and place for each hearing. The parties shall respond to requests for hearing dates in a timely manner, be cooperative in scheduling the earliest practicable date, and adhere to the established hearing schedule. The AAA shall send a notice of hearing to the parties at least 10 days in advance of the hearing date, unless otherwise agreed by the parties.

## 12. Number, Qualifications, and Appointment of Neutral Arbitrators

a.  If the arbitration agreement does not specify the number of arbitrators or the parties do not agree otherwise, the dispute shall be heard and determined by one arbitrator.
b.  Qualifications
   i.  Neutral arbitrators serving under these rules shall be experienced in the field of employment law.
   ii.  Neutral arbitrators serving under these rules shall have no personal or financial interest in the results of the proceeding in which they are appointed and shall have no relation to the underlying dispute or to the parties or their counsel that may create an appearance of bias.
   iii.  The roster of available arbitrators will be established on a non-discriminatory basis, diverse by gender, ethnicity, background, and qualifications.
   iv.  The AAA may, upon request of a party within the time set to return their list or upon its own initiative, supplement the list of proposed arbitrators in disputes arising out of individually-negotiated employment contracts with persons from the Commercial Roster, to allow the AAA to respond to the particular need of the dispute. In multi-arbitrator disputes, at least one of the arbitrators shall be experienced in the field of employment law.
c.  If the parties have not appointed an arbitrator and have not provided any method of appointment, the arbitrator shall be appointed in the following manner:
   i.  Shortly after it receives the Demand, the AAA shall send simultaneously to each party a letter containing an identical list of names of persons chosen from the Employment Dispute Resolution Roster. The parties are encouraged to agree to an arbitrator from the submitted list and to advise the AAA of their agreement.
   ii.  If the parties are unable to agree upon an arbitrator, each party to the dispute shall have 15 days from the transmittal date in which to strike names objected to, number the remaining names in order of preference, and return the list to the AAA. If a party does not return the list within the time specified, all persons named therein shall be deemed acceptable.
   iii.  From among the persons who have been approved on both lists, and in accordance with the designated order of mutual preference, the AAA shall invite the acceptance of an arbitrator to serve. If the parties fail to agree on any of the persons named, or if acceptable arbitrators are unable to act, or if for any other reason the appointment cannot be made from the submitted list, the AAA shall have the power to make the appointment from among other members of the panel without the submission of additional lists.

13. Party Appointed Arbitrators

    a. If the agreement of the parties names an arbitrator or specifies a method of appointing an arbitrator, that designation or method shall be followed.

    b. Where the parties have agreed that each party is to name one arbitrator, the arbitrators so named must meet the standards of Section R-16 with respect to impartiality and independence unless the parties have specifically agreed pursuant to Section R-16 (a) that the party-appointed arbitrators are to be non-neutral and need not meet those standards. The notice of appointment, with the name, address, and contact information of the arbitrator, shall be filed with the AAA by the appointing party. Upon the request of any appointing party, the AAA shall submit a list of members of the National Roster from which the party may, if it so desires, make the appointment.

    c. If the agreement specifies a period of time within which an arbitrator shall be appointed and any party fails to make the appointment within that period, the AAA shall make the appointment.

    d. If no period of time is specified in the agreement, the AAA shall notify the party to make the appointment. If within 15 days after such notice has been sent, an arbitrator has not been appointed by a party, the AAA shall make the appointment.

14. Appointment of Chairperson by Party-Appointed Arbitrators or Parties

    a. If, pursuant to Section R-13, either the parties have directly appointed arbitrators, or the arbitrators have been appointed by the AAA, and the parties have authorized them to appoint a chairperson within a specified time and no appointment is made within that time or any agreed extension, the AAA may appoint the chairperson.

    b. If no period of time is specified for appointment of the chairperson and the party-appointed arbitrators or the parties do not make the appointment within 15 days from the date of the appointment of the last party-appointed arbitrator, the AAA may appoint the chairperson.

    c. If the parties have agreed that their party-appointed arbitrators shall appoint the chairperson from the National Roster, the AAA shall furnish to the party-appointed arbitrators, in the manner provided in Section R-12, a list selected from the National Roster, and the appointment of the chairperson shall be made as provided in that Section.

15. Disclosure

    a. Any person appointed or to be appointed as an arbitrator shall disclose to the AAA any circumstance likely to give rise to justifiable doubt as to the arbitrator's impartiality or independence, including any bias or any financial or personal interest in the result of the arbitration or any past or present relationship with the parties or their representatives. Such obligation shall remain in effect throughout the arbitration.

    b. Upon receipt of such information from the arbitrator or another source, the AAA shall communicate the information to the parties and, if it deems it appropriate to do so, to the arbitrator and others.

    c. In order to encourage disclosure by arbitrators, disclosure of information pursuant to this Section R-15 is not to be construed as an indication that the arbitrator considers that the disclosed circumstance is likely to affect impartiality or independence.

16. Disqualification of Arbitrator

    a. Any arbitrator shall be impartial and independent and shall perform his or her duties with diligence and in good faith, and shall be subject to disqualification for:

        i. partiality or lack of independence,

        ii. inability or refusal to perform his or her duties with diligence and in good faith, and

        iii. any grounds for disqualification provided by applicable law. The parties may agree in writing, however, that arbitrators directly appointed by a party pursuant to Section R-13 shall be nonneutral, in which case such arbitrators need not be impartial or independent and shall not be subject to disqualification for partiality or lack of independence.

    b. Upon objection of a party to the continued service of an arbitrator, or on its own initiative, the AAA shall determine whether the arbitrator should be disqualified under the grounds set out above, and shall inform the parties of its decision, which decision shall be conclusive.

17. Communication with Arbitrator

    a. No party and no one acting on behalf of any party shall communicate ex parte with an arbitrator or a candidate for arbitrator concerning the arbitration, except that a party, or someone acting on behalf of a party, may communicate ex parte with a candidate for direct appointment pursuant to Section R-13 in order to advise the candidate of the general nature of the controversy and of the anticipated proceedings and to discuss the candidate's qualifications, availability, or independence in relation to the parties or to discuss the suitability of candidates for selection as a third arbitrator where the parties or party-designated arbitrators are to participate in that selection.

    b. Section R-17(a) does not apply to arbitrators directly appointed by the parties who, pursuant to Section R-16(a), the parties have agreed in writing are non-neutral. Where the parties have so agreed under Section R-16(a), the AAA shall as an administrative practice suggest to the parties that they agree further that Section R-17(a) should nonetheless apply prospectively.

18. Vacancies

a.  If for any reason an arbitrator is unable to perform the duties of the office, the AAA may, on proof satisfactory to it, declare the office vacant. Vacancies shall be filled in accordance with applicable provisions of these Rules.
b.  In the event of a vacancy in a panel of neutral arbitrators after the hearings have commenced, the remaining arbitrator or arbitrators may continue with the hearing and determination of the controversy, unless the parties agree otherwise.
c.  In the event of the appointment of a substitute arbitrator, the panel of arbitrators shall determine in its sole discretion whether it is necessary to repeat all or part of any prior hearings.

## 19. Representation

Any party may be represented by counsel or other authorized representatives. For parties without representation, the AAA will, upon request, provide reference to institutions which might offer assistance. A party who intends to be represented shall notify the other party and the AAA of the name and address of the representative at least 10 days prior to the date set for the hearing or conference at which that person is first to appear. If a representative files a Demand or an Answer, the obligation to give notice of representative status is deemed satisfied.

## 20. Stenographic Record

Any party desiring a stenographic record shall make arrangements directly with a stenographer and shall notify the other parties of these arrangements at least three days in advance of the hearing. The requesting party or parties shall pay the cost of the record. If the transcript is agreed by the parties, or determined by the arbitrator to be the official record of the proceeding, it must be provided to the arbitrator and made available to the other parties for inspection, at a date, time, and place determined by the arbitrator.

## 21. Interpreters

Any party wishing an interpreter shall make all arrangements directly with the interpreter and shall assume the costs of the service.

## 22. Attendance at Hearings

The arbitrator shall have the authority to exclude witnesses, other than a party, from the hearing during the testimony of any other witness. The arbitrator also shall have the authority to decide whether any person who is not a witness may attend the hearing.

## 23. Confidentiality

The arbitrator shall maintain the confidentiality of the arbitration and shall have the authority to make appropriate rulings to safeguard that confidentiality, unless the parties agree otherwise or the law provides to the contrary.

## 24. Postponements

The arbitrator: (1) may postpone any hearing upon the request of a party for good cause shown; (2) must postpone any hearing upon the mutual agreement of the parties; and (3) may postpone any hearing on his or her own initiative.

## 25. Oaths

Before proceeding with the first hearing, each arbitrator shall take an oath of office. The oath shall be provided to the parties prior to the first hearing. The arbitrator may require witnesses to testify under oath administered by any duly qualified person and, if it is required by law or requested by any party, shall do so.

## 26. Majority Decision

All decisions and awards of the arbitrators must be by a majority, unless the unanimous decision of all arbitrators is expressly required by the arbitration agreement or by law.

## 27. Dispositive Motions

The arbitrator may allow the filing of a dispositive motion if the arbitrator determines that the moving party has shown substantial cause that the motion is likely to succeed and dispose of or narrow the issues in the case.

Exhibit 3

**Hartley, Carla**

| | |
|---|---|
| **From:** | Eric Young [ericgyoung@gmail.com] |
| **Sent:** | Wednesday, June 04, 2008 4:56 PM |
| **To:** | Dwayne Paminto |
| **Cc:** | Hartley, Carla |
| **Subject:** | Re: AAA 74 160 00447 08 vs. Dominion Enterprises, a VA General Partnership |

Dear Mr. Paminto:

Subject to our pending motion for declaratory relief and request to enjoin arbitration in this matter, Ms. Eisen poses no conflict of interest.

Please also be advised that, on Saturday, May 30, I injured my back in an accident at home. I am recuperating at the moment, and will be seeing a doctor on 6/9 to determine what treatment, if any, I may need. Please also be advised that I am currently scheduled to begin a trial in San Francisco on 6/23 (est. 5-7 days); however, a motion to continue that matter is set to be heard on 6/12.

Eric G. Young, Esq.

On Mon, Jun 2, 2008 at 9:50 AM, Dwayne Paminto <PamintoD@adr.org> wrote:



American Arbitration Association
*Dispute Resolution Services Worldwide*

Re: 74 160 00447 08 DWPA

Rita Siglain

VS

Dominion Enterprises, a VA General Partnership

Dear Parties:

This will advise the parties that the Association has invited Rebecca Eisen to serve as arbitrator in the above-captioned matter. Ms. Eisen has requested the both parties review and provide comments to the attached disclosure. The parties' comments will be used by the arbitrator in her determination to accept this case.

I appreciate your promptness in regards to the above request.

6/9/2008

Thank you,


Dwayne Paminto

Case Manager

American Arbitration Association

Phone: 559-650-8072

Email: pamintod@adr.org



--
Eric G. Young, Esq.
Law Offices of Eric G. Young
The Courtyard at Stony Circle
141 Stony Circle, Suite 202
Santa Rosa, CA 95401
Telephone: 707-575-5005
Facsimile: 707-575-5395

6/9/2008