1   DILLINGHAM & MURPHY, LLP
2   CARLA J. HARTLEY (STATE BAR NO. 117213)
    WILLIAM P. WILSON (STATE BAR NO. 230444)
3   225 Bush Street, 6th Floor
    San Francisco, California 94104-4207
4   Telephone:    (415) 397-2700
    Facsimile:    (415) 397-3300
5
    Attorneys for Defendant
6   DOMINION ENTERPRISES

7

8                   UNITED STATES DISTRICT COURT

9        NORTHERN DISTRICT OF CALIFORNIA – SAN FRANCISCO DIVISION

| | |
|---|---|
| 10   RITA SIGLAIN, an individual, | Case No. CV-08-2108 JL |
| 11                  Plaintiff, | DECLARATION OF SUNNY SONNER IN OPPOSITION TO PLAINTIFF'S MOTION |
| 12          v. | FOR DECLARATORY AND INJUNCTIVE RELIEF ENJOINING |
| 13   TRADER PUBLISHING COMPANY, a Virginia General Partnership; DOMINION | ENFORCEMENT OF ARBITRATION AGREEMENT AND IN SUPPORT OF |
| 14   ENTERPRISES, INC., a Virginia corporation; LANDMARK COMMUNICATIONS, INC., a | DEFENDANT'S MOTION TO STAY |
| 15   Virginia corporation; BEST IMAGE MARKETING, INC., a California corporation, | Date:    July 2, 2008 |
| 16                  Defendants. | Time:   9:30 a.m. Dept.:   Courtroom F |
| 17 | Judge:  The Honorable James Larson Magistrate Judge |

18

19          I, Sunny R. Sonner, do declare:

20   1.      I have personal knowledge of the matters set forth in this Declaration, except as to those

21   stated on information and belief, and if called to testify thereto could do so competently.

22   2.      I am the Executive Vice President of Human Resources for defendant Dominion

23   Enterprises, a Virginia General Partnership.  Prior to September 10, 2006, Dominion was known

24   as Trader Publishing Company.

25   3.      In 2005, Trader Publishing acquired the assets of Best Image Marketing.  As part of the

26   acquisition, Trader offered employment to all of Best Image's employees.  Employment with

27   Trader Publishing was conditioned on Best Image employees agreeing to various terms and

28   conditions of employment with Trader Publishing, including signing Trader Publishing's Mutual

     Agreement to Arbitrate.

4.    I traveled to Lake County, California with Constance Johnson, Director of Benefits and Safety, Tammy Josephson, Health and Welfare Manager, Norman Hoffmann, Chief Financial Officer, and Rick Murchake, Vice President of Vehicle Web Services, to conduct orientation for the Best Image employees.

5.    The orientation took place on May 17, 2005. Best Image employees were split into two groups with approximately 30 employees in each group. One orientation session was conducted in the morning and one in the afternoon. Each orientation session took about four hours.

6.    At the beginning of the orientation, I welcomed the employees to Trader Publishing, provided an overview of the company and an introduction to Human Resources. I then turned the orientation over to Constance Johnson, who presented an extensive review of Trader's policies, procedures and benefits. As part of this review, Ms. Johnson discussed the company's Open Door Policy followed by a discussion of the Arbitration Agreement. After the Best Image employees received their new hire packets, she also reviewed all of the documents contained in the packet, including our Mutual Agreement to Arbitrate. I was with Ms. Johnson during her presentation in case employees had additional questions about the paperwork.

7.    We encouraged Best Image employees to ask questions during orientation. I cannot recall if there were any questions concerning the Arbitration Agreement. We explained to the employees that in order to ensure a timely and uninterrupted transition to our payroll and benefits, there was a short deadline for returning the signed paperwork. We told the employees that since their first payroll period with Trader ended Friday May 20, 2005, we needed to get the signed paperwork back and get everyone keyed into Trader's system by May 20 in order to issue paychecks to them on the first pay day, May 27. We encouraged the employees to read and sign the paperwork at that time. Due to the payroll deadline, we asked the employees to return the signed paperwork to us before we left the following day, May 18. We also told the employees that they had the right to take the documents home and could have an attorney, counselor, or anyone take a look at the documents before they signed them. We also informed the employees that Tammy Josephson would be available on May 18 to answer any additional questions that they had.

8.    Tammy Josephson, Constance Johnson, and I were available May 18 until approximately 3:00 or 4:00 in the afternoon to answer additional questions.

9.    I did not at any time during the orientation process state that arbitration was just the first step in resolving any disputes. To the best of my knowledge, nobody else with Trader made this statement.

10.    As part of my responsibilities, I am aware of employment claims made against the company. To the best of my knowledge, Dominion Enterprises has not arbitrated any other employment case with the American Arbitration Association in California.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that this Declaration was executed on June 11, 2008 in Norfolk, Virginia.

Sunny R. Sonner

SUNNY R. SONNER