1  DILLINGHAM & MURPHY, LLP
2  CARLA J. HARTLEY (STATE BAR NO. 117213)
   WILLIAM P. WILSON (STATE BAR NO. 230444)
3  225 Bush Street, 6th Floor
   San Francisco, California 94104-4207
4  Telephone:    (415) 397-2700
   Facsimile:    (415) 397-3300
5
   Attorneys for Defendant
6  DOMINION ENTERPRISES
7

8               UNITED STATES DISTRICT COURT

9       NORTHERN DISTRICT OF CALIFORNIA – SAN FRANCISCO DIVISION

10 | RITA SIGLAIN, an individual, | Case No. CV-08-2108 JL |
11 |            Plaintiff, | DECLARATION OF CONSTANCE JOHNSON IN OPPOSITION TO |
12 |        v. | PLAINTIFF'S MOTION FOR DECLARATORY AND INJUNCTIVE |
13 | TRADER PUBLISHING COMPANY, a Virginia General Partnership; DOMINION | RELIEF ENJOINING ENFORCEMENT OF ARBITRATION AGREEMENT AND IN |
14 | ENTERPRISES, INC., a Virginia corporation; LANDMARK COMMUNICATIONS, INC., a | SUPPORT OF DEFENDANT'S MOTION TO STAY |
15 | Virginia corporation; BEST IMAGE MARKETING, INC., a California corporation, | |
16 | | Date:    July 2, 2008 |
   | | Time:    9:30 a.m. |
17 |         Defendants. | Dept.:   Courtroom F |
   | | Judge:   The Honorable James Larson |
18 | | Magistrate Judge |

19        I, Constance Johnson, do declare:

20    1.    I have personal knowledge of the matters set forth in this declaration, except as to those

21 stated on information and belief, and if called to testify thereto could do so competently.

22    2.    I am employed by defendant Dominion Enterprises, a Virginia General Partnership, as

23 Director of Benefits and Safety.  As part of my responsibilities, when Dominion acquires other

24 companies, I am part of a team that conducts orientation for new employees joining Dominion.

25    3.    Prior to September 10, 2006, Dominion was known as Trader Publishing Company.

26    4.    In 2005, Trader Publishing acquired the assets of Best Image Marketing.  As part of the

27 acquisition, Trader offered employment to all of Best Image's employees.  Sunny Sonner,

   Executive Vice President of Human Resources, Tammy Josephson, Health and Welfare Manager,

28

Norman Hoffmann, Chief Financial Officer, Rick Murchake, Vice President of Vehicle Web Services, and I traveled to Lake County, California to conduct orientation for the new employees.

5.      The orientation took place on May 17, 2005. Best Image employees were split into two groups with approximately 30 employees in each group. One orientation session was conducted in the morning and one in the afternoon. Additionally, a third orientation was conducted via webinar on May 18, 2005, for offsite employees. Each orientation session took about four hours. The orientation was accompanied by a Power Point presentation. Attached as Exhibit 1 is are true and correct copies of the indicated pages of the power point presentation.

6.      After Ms. Sonner provided an overview of Trader Publishing and an introduction to Human Resources, I presented an extensive review of Trader's policies, procedures and benefits. The second topic I covered was Trader's Open Door Policy for resolving any employee concerns or disputes (see Exh. 1, slide 50). My discussion on the Open Door Policy segued into the company's Arbitration Agreement. I explained that in the event disputes could not be resolved through the Open Door Policy, the dispute would move into arbitration. As a result, the company required employees to sign the arbitration agreement. I reviewed the Power Point slide on arbitration (Exh. 1, p. 51), and specifically reiterated that in agreeing to arbitration the employee was waiving his or her right to a jury.

7.      After reviewing the remaining HR and benefits topics, we handed out the new hire packets which contained a variety of documents. These included our Mutual Agreement to Arbitrate, a pamphlet from the American Arbitration Association on its National Rules for the Resolution of Employment Disputes, a two page handout of "Questions and Answers" on Trader's arbitration process, and our Employee Guidebook, which also included information on our arbitration policy. Attached as Exhibit 2 is a true and correct copy of our Mutual Agreement to Arbitrate. Attached as Exhibit 3 is a true and correct copy of the American Arbitration Association National Rules for the Resolution of Employment Disputes. Attached as Exhibit 4 is a true and correct copy of "Trader Publishing Company Arbitration Process Questions and Answers." Attached as Exhibit 5 is a true and correct copy of the indicated page of the Employee Guidebook in effect in May 2005. All of these documents were included in the New Hire Packets that were given to Best Image Marketing employees on May 17, 2005.

8.      After handing out the new hire packets, I reviewed the documents contained in the packets, again with the use of our Power Point presentation. As I discussed each document, I asked the employees to pull the document out and follow along. The first document I discussed was

Trader's Mutual Agreement to Arbitrate (see Exh. 1, slides 120-123). In reviewing this, I told everyone to read the Agreement and to make sure they were comfortable with the Agreement before signing it.

9.      I spent one and one-half to two hours on May 17 just reviewing the forms included in the New Hire Packets.

10.     Best Image employees were encouraged to ask questions during orientation. I do not recall if any of the employees had questions about the Arbitration Agreement. We explained to the employees that in order to ensure a timely and uninterrupted transition to our payroll and benefits, there was a short deadline for returning the signed paperwork. We told the employees that since their first payroll period with Trader ended Friday May 20, 2005, we needed to get the signed paperwork back and get everyone keyed into Trader's system by May 20 in order to issue paychecks to them on the first pay day, May 27 (see Exh. 1, slide 117). We encouraged the employees to read and sign the paperwork at that time. Due to the payroll deadline, we asked the employees to return the signed paperwork to us before we left the following day, May 18. We also told the employees that they had the right to take the documents home and could have an attorney, counselor or anyone take a look at the documents before they signed them. I also left a significant number of prepaid, self-addressed overnight envelopes for employees to use if they did not have their paperwork done on May 18, and let them know such envelopes were available and where they were located. In addition, we also informed the employees that Tammy Josephson would be available on May 18 to answer any additional questions that they had.

11.     Tammy Josephson, Sunny Sonner, and I were available May 18 until approximately 3:00 or 4:00 in the afternoon to answer additional questions.

12.     It is my understanding that certain Best Image employees were given loyalty payments at the time of the acquisition. The owner of Best Image decided who received these bonuses and the amounts. I am informed and believe that plaintiff Rita Siglain was one of the employees who was given a loyalty bonus. It is also my recollection that the owner of Best Image Marketing met with these employees at some point to discuss the bonuses.

13.     I did not at any time during the orientation process state that arbitration was just the first step in resolving any disputes. To the best of my knowledge, nobody else with Trader made this statement.

1      I declare under penalty of perjury under the laws of the United States of America that the

2  foregoing is true and correct and that this Declaration was executed on June 11, 2008 in Norfolk,

3  Virginia.

4                                                           CONSTANCE JOHNSON

Exhibit 1



# WELCOME!

# Human Resources

## Sunny R. Sonner, Executive Vice President of Human Resources

- Benefits
- Employee Relations
- Management Recruiting
- Safety
- HRIS / Data Entry
- HR Administration
- HR Field Services
- Training & Development



# Human Resources Information

- **Employee Guidebook**

- **www.ask4hr.com**

- **1-800-5ASK4HR**



47

# Policies and Procedures

# Employee Classifications

- Full-time – (40 hours)

- Full-time 30 – (30 - 39 hours)

- Part-time – less than 30 hours

- Temporary – less than 30 days

# Open Door Policy

- Supervisor
- General Manager/General Sales Manager
- District/Regional Manager
- Sunny Sonner, Executive Vice President of Human Resources

We encourage free, open and effective two-way communication

# Employment Practices: Mutual Agreement to Arbitrate

- Agreement says you agree to have your concerns heard by an arbitrator rather than judge/jury

- Arbitrator is neutral third party

- Resolution process is more cost-effective for the employee and the company, less time-consuming, and more private

- All employees are required to sign this agreement; post offer and pre-employment

51

# Important Information

# Payroll Schedule

## May 2005

| Sun | Mon | Tue | Wed | Thu | Fri | Sat |
|-----|-----|-----|-----|-----|-----|-----|
| 1 | 2 | 3 | 4 | 5 | 6 | 7 |
| 8 | 9 | 10 | 11 | 12 | 13 | 14 |
| 15 | **16** | 17 | 18 | 19 | **20** | 21 |
| 22 | 23 | 24 | 25 | 26 | **27** | 28 |
| 29 | 30 | 31 | | | | |

**1st Day with Trader:**
May 16, 2005

**1st Trader Pay Period Ends:**
May 20, 2005

**1st Trader Pay Day:**
May 27, 2005

117

# Benefits Package

Benefit Plans Enrollment Form must be completed and returned even if you elect to waive coverage.

**Be sure to complete and return your enrollment form(s) May 18, 2005.**

# Now let's begin the paperwork!

Your Profit Center – Cost Center – Location - City Number is:





**Remember – log in to www.ask4hr.com after you receive your first paycheck and complete a personal profile.**

# Forms

# Mutual Agreement to Arbitrate

Exhibit 2

# MUTUAL AGREEMENT TO ARBITRATE

This Mutual Agreement to Arbitrate ("Agreement") is entered into between Trader Publishing Company ("Trader") and _____, as of _____, 20____. "You" and "your" refer to the undersigned employee and anyone acting on the employee's behalf, including, without limitation, the employee's family, heirs, agents and assigns. "Company" refers to: (1) Trader; (2) any of Trader's affiliates, successors, and assigns; and (3) any past or present officer, director, employee, consultant or agent of Trader or of any of its affiliates, successors and assigns.

Despite our best attempts to avoid them, differences can arise in the course of an employment relationship. Because resolving differences in the courts is rarely timely or cost-effective for either party, you and the Company are executing this Agreement in mutual consideration for obtaining the benefit of a speedy, impartial and cost-effective dispute resolution procedure. For the right to resolve your claims by arbitration rather than through the courts, you agree with the Company as follows:

1.      **Agreement to Arbitrate.**  Except as otherwise provided in this Agreement, you and the Company agree to settle by final and binding arbitration any and all claims and controversies ("Arbitrable Claims") arising out of or relating to your employment by the Company including but not limited to: (a) any claim involving conduct alleged to be in violation of local, state or federal statutory or common law including, but not limited to, any claim of unlawful discrimination, harassment or retaliation, under Title VII of the Civil Rights Act of 1964, as amended, the Americans with Disabilities Act, the Age Discrimination in Employment Act, the Fair Labor Standards Act, the Family and Medical Leave Act, and similar laws, as those laws are enacted, adopted, changed or amended from time to time; (b) any state contract or tort theories including but not limited to claims for negligence, defamation, libel, intentional infliction of emotional distress, and other intentional torts; and (b) any claim arising out of or relating to the ending of your employment with the Company. This includes but is not limited to any pre-existing disputes, known or unknown. The issue of whether a claim is subject to arbitration is to be resolved by the arbitrator.

2.      **Arbitration Procedures.**  Arbitration shall be conducted in accordance with the National Rules for the Resolution of Employment Disputes of the American Arbitration Association ("AAA") in effect at the time an Arbitrable Claim is made, a current copy of which you acknowledge having received and read. Such arbitration shall be filed with the AAA and heard at the offices of, or a location selected by, the AAA in the city nearest the location where the employee works. The Company shall bear the cost of the arbitrator's fees and other costs unique to arbitration in compliance with applicable law, except that you agree to pay an initial filing fee of $75.00 if you initiate the arbitration. The parties shall pay for their own costs and expert witness and attorney's fees, if any, unless the arbitrator awards fees and/or costs to the prevailing party. The arbitrator shall apply the applicable substantive law, law of remedies, and the law regarding the allocation of the burden of proof. The Federal Rules of Evidence and the Federal Rules of Civil Procedure shall apply, except that each party shall be limited to no more than three (3) depositions unless the arbitrator, upon application by the Company or you and upon a showing of good cause, authorizes the taking of additional depositions. The arbitrator shall issue a written opinion that includes the factual and legal basis for any decision and award.

3.      **Claims Not Covered By This Agreement.**  This Arbitration Agreement does not apply to or cover the following claims:  (a) claims by you for workers' compensation benefits, except any claim for retaliation in violation of a workers' compensation law; (b) claims by you for unemployment compensation benefits; (c) claims brought in a court of competent jurisdiction by either you or the Company to compel arbitration under this Arbitration Agreement, to enforce or to oppose enforcement of an arbitration award or to obtain preliminary injunctive and/or other equitable relief in support of claims to be prosecuted in an arbitration by either party; (d) claims based upon a pension or benefit plan that contains an arbitration or other dispute resolution procedure, in which case the provisions of such plan shall apply; and (e) claims concerning restrictive covenants, confidentiality agreements or trade secrets. You are also not waiving the right to file or institute a

complaint or charge with any government agency authorized to investigate or resolve employment-related matters, or any other comparable local, state, or federal agency.

4.    **At-Will Employment Not Modified.**  The Arbitration Agreement is not intended to and does not modify your status as an at-will employee.  This means that either you or the Company may terminate the employment relationship at any time for any reason.

5.    **Sole and Entire Agreement.**  You and the Company acknowledge that this Arbitration Agreement constitutes the complete agreement of the parties on the subject matter contained herein, and supersedes any prior oral or written agreement or understanding on the subject matter contained herein.

6.    **Survival of Provisions.**  The Arbitration Agreement shall continue in effect after your employment relationship with the Company ends and shall apply to any claim whether it arises or is asserted before, during or after the ending of your employment relationship with the Company.  You and the Company agree that this Arbitration Agreement can be modified or revoked only by a writing signed by both you and the Company that specifically states that you and the Company both intend to modify or revoke this Arbitration Agreement.

7.    **Applicable Law.**  This Arbitration Agreement is to be governed by and construed in accordance with the laws of the Commonwealth of Virginia.

8.    **Severability.**  If any one or more of the provisions of this Agreement shall, for any reason, be held by a court or other tribunal of competent jurisdiction to be invalid, void or unenforceable, in whole or in part, with any claim or class of claims, such adjudication shall in no way affect any other provisions of this Agreement or the validity or enforcement of the remainder of this Agreement, and any provision thus affected shall itself be modified only to the extent necessary to bring the provision within the applicable requirements of the law.

## EMPLOYEE'S ACCEPTANCE

I acknowledge that I have carefully read and understand the foregoing Arbitration Agreement, as well as the National Rules for the Resolution of Employment Disputes of the American Arbitration Association, and that I agree to be bound by and comply with all of its terms.  I acknowledge that I have entered into this Arbitration Agreement voluntarily and that I am not relying on any misrepresentation, oral or written, as the effect, enforceability or meaning of this Arbitration Agreement, except as specifically set forth in this Arbitration Agreement.  I understand and acknowledge that by signing this Arbitration Agreement, the Company and I are giving up the right to a jury trial and to a trial in a court of law with respect to any arbitrable claim either of us may have against the other.

_____          _____          _____
Employee's Name (Please Print)          Employee's Signature                      Date


Trader Publishing Company agrees to follow this Arbitration Agreement in connection with the employee whose signature appears above.

## TRADER PUBLISHING COMPANY

By:_____          Date:_____

Its:_____
                  (Title)

2

Exhibit 3



# *National Rules for the Resolution of Employment Disputes*

## (INCLUDING MEDIATION AND ARBITRATION RULES)

*As Amended and Effective*
*November 1, 2002*

**American Arbitration Association**

*Dispute Resolution Services Worldwide*

# TABLE OF CONTENTS

INTRODUCTION ...................................................4
Role of the American Arbitration Association ........4
Legal Basis of Employment ADR .............................5
The Fairness Issue:  The Due Process Protocol ......6
AAA's Employment ADR Rules  ...............................7
AAA's Policy on Employment ADR ..........................7
Notification  ............................................................8
Designing an ADR Program .....................................8
Alternative Dispute Resolution Options ..................9
Types of Disputes Covered......................................11
NATIONAL RULES FOR THE RESOLUTION
   OF EMPLOYMENT DISPUTES ...........................12
   1.  Applicable Rules of Arbitration ....................12
   2.  Notification ...................................................12
   3.  AAA as Administrator of the Arbitration ......13
   4.  Initiation of Arbitration ................................13
   5.  Changes of Claim ..........................................15
   6.  Administrative and Mediation Conferences.15
   7.  Discovery ......................................................16
   8.  Arbitration Management Conference...........16
   9.  Location of the Arbitration............................17
  10.  Date and Time of Hearing.............................18
  11.  Qualifications to Serve as Arbitrator and
       Rights of Parties to Disqualify Arbitrator......18
  12.  Number and Appointment of Neutral
       Arbitrators ....................................................19
  13.  Vacancies ......................................................21
  14.  Representation ...............................................21
  15.  Stenographic Record.....................................22
  16.  Interpreters ...................................................22
  17.  Attendance at Hearings.................................22
  18.  Confidentiality ..............................................22
  19.  Postponements...............................................22
  20.  Oaths .............................................................23
  21.  Majority Decision ..........................................23
  22.  Order of Proceedings and Communication
       with Arbitrators.............................................23
  23.  Arbitration in the Absence of a Party or
       Representative................................................24

24. Evidence ...................................................24
25. Evidence by Affidavit or Declaration and
    Post-Hearing Filing of Documents or
    Other Evidence ..........................................25
26. Inspection or Investigation ...........................25
27. Interim Measures........................................26
28. Closing of Hearing .....................................26
29. Reopening of Hearing ..................................26
30. Waiver of Oral Hearing ................................27
31. Waiver of Objection/Lack of Compliance
    with These Rules .......................................27
32. Extensions of Time .....................................27
33. Serving of Notice .......................................27
34. The Award ...............................................28
35. Modification of Award..................................29
36. Release of Documents for Judicial
    Proceedings..............................................29
37. Judicial Proceedings and Exclusion of
    Liability..................................................29
38. Administrative Fees......................................30
39. Expenses .................................................30
40. Neutral Arbitrator's Compensation...............31
41. Deposits .................................................31
42. Interpretation and Application of Rules.......31
ADMINISTRATIVE FEE SCHEDULE....................32
Employer Promulgated Plans...................................32
Administrative Fee...................................................32
Filing Fees................................................................32
Hearing Fees...........................................................32
Postponement/Cancellation Fees............................33
Hearing Room Rental..............................................33
Suspension for Nonpayment ...................................33
Individually-Negotiated Employment
    Agreements and Contracts ..............................33
Administrative Fee...................................................34
Fees ........................................................................34
Hearing Room Rental..............................................35
EMPLOYMENT MEDIATION RULES .................36
    1. Agreement of Parties.....................................36
    2. Initiation of Mediation...................................36
    3. Request for Mediation....................................36

4. Appointment of Mediator..............................36
5. Qualifications of Mediator ............................37
6. Vacancies .................................................37
7. Representation............................................37
8. Date, Time, and Place of Mediation ............37
9. Identification of Matters in Dispute.............37
10. Authority of Mediator ..................................38
11. Privacy.....................................................38
12. Confidentiality ..........................................39
13. No Stenographic Record...............................39
14. Termination of Mediation.............................39
15. Exclusion of Liability..................................40
16. Interpretation and Application of Rules.......40
17. Expenses..................................................40
MEDIATION FEE SCHEDULE..............................40

# INTRODUCTION

Federal and state laws reflecting societal intolerance for certain workplace conduct, as well as court decisions interpreting and applying those statutes, have redefined responsible corporate practice and employee relations. Increasingly, employers and employees face workplace disputes involving alleged wrongful termination, sexual harassment, or discrimination based on race, color, religion, sex, national origin, age and disability.

As courts and administrative agencies become less accessible to civil litigants, employers and their employees now see alternative dispute resolution ("ADR") as a way to promptly and effectively resolve workplace disputes. ADR procedures are becoming more common in contracts of employment, personnel manuals and employee handbooks. Increasingly, corporations and their employees look to the American Arbitration Association as a resource in developing prompt and effective employment procedures for employment-related disputes.

These rules have been developed for employers and employees who wish to use a private alternative to resolve their disputes, enabling them to have complaints heard by an impartial person with expertise in the employment field. These procedures benefit both the employer and the individual employee by making it possible to resolve disputes without extensive litigation.

## Role of the American Arbitration Association

The American Arbitration Association, founded in 1926, is a not-for-profit, public service organization dedicated to the resolution of disputes through mediation, arbitration, elections, and other voluntary dispute resolution procedures. Over 4,000,000 workers are now covered by employment ADR plans administered by the AAA.

In addition, the AAA provides education and training, specialized publications, and research on all forms of dispute settlement. With 36 offices nationwide and cooperative agreements with arbitral institutions in 38 other nations, the American Arbitration Association is the nation's largest private provider of ADR services.

For seventy years, the American Arbitration Association has set the standards for the development of fair and equitable dispute resolution procedures. The development of the National Rules for the Resolution of Employment Disputes, and the reconstitution of a select and diverse roster of expert neutrals to hear and resolve disputes, are the most recent initiatives of the Association to provide private, efficient and cost-effective procedures for out-of-court settlement of workplace disputes.

## Legal Basis of Employment ADR

Since the beginning of this decade, Congress has twice reaffirmed the important role of ADR in the area of employment discrimination - in the Americans with Disabilities Act in 1990, and a year later in Section 118 of the Civil Rights Act in 1991. While technically not dealing with a contract of employment, the seminal court case dealing with the arbitration of disputes relating to the non-union workplace is *Gilmer v. Interstate/Johnson Lane, 500 U.S. 20, 111 S.Ct. 1647 (1991)*. The Supreme Court refused to invalidate Gilmer's agreement with the New York Stock Exchange that he would arbitrate disputes with his employer (Interstate/Johnson Lane) simply because he was obliged to sign it in order to work as a securities dealer whose trades were executed on the Exchange. Although the Gilmer Court found that the Age Discrimination in Employment Act did not preclude arbitration of age discrimination claims, it specifically declined to decide whether

employment arbitration agreements were the type of "contracts of employment" which are not made enforceable by the Federal Arbitration Act.

Since *Gilmer,* lower federal courts have generally enforced employer-imposed ADR programs, as long as the programs are fair. Some courts have held that the employee must have received adequate notice of the program. However, the issue of binding arbitration programs that are a condition of employment is still giving rise to litigation.

## The Fairness Issue: The Due Process Protocol

*The Due Process Protocol for Mediation and Arbitration of Statutory Disputes Arising Out of the Employment Relationship* was developed in 1995 by a special task force composed of individuals representing management, labor, employment, civil rights organizations, private administrative agencies, government, and the American Arbitration Association. The *Due Process Protocol,* which was endorsed by the Association in 1995, seeks to ensure fairness and equity in resolving workplace disputes. The *Due Process Protocol* encourages mediation and arbitration of statutory disputes, provided there are due process safeguards. It conveys the hope that ADR will reduce delays caused by the huge backlog of cases pending before administrative agencies and the courts. The *Due Process Protocol* "recognizes the dilemma inherent in the timing of an agreement to mediate and/or arbitrate statutory disputes" but does not take a position on whether an employer can require a pre-dispute, binding arbitration program as a condition of employment.

The *Due Process Protocol* has been endorsed by organizations representing a broad range of constituencies. They include the American Arbitration Association, the American

Bar Association Labor and Employment Section, the American Civil Liberties Union, the Federal Mediation and Conciliation Service, the National Academy of Arbitrators, and the National Society of Professionals in Dispute Resolution. The National Employment Lawyers Association has endorsed the substantive provisions of the *Due Process Protocol.* It has been incorporated into the ADR procedures of the Massachusetts Commission Against Discrimination (MCAD) and into the *Report of the United States Secretary of Labor's Task Force in Excellence in State and Local Government.*

## AAA's Employment ADR Rules

On June 1, 1996, the Association issued *National Rules for the Resolution of Employment Disputes.* The rules reflected the guidelines outlined in the *Due Process Protocol* and were based upon the AAA's *California Employment Dispute Resolution Rules,* which were developed by a committee of employment management and plaintiff attorneys, retired judges and arbitrators, in addition to Association executives. The revised rules were developed for employers and employees who wish to use a private alternative to resolve their disputes. The rules enabled parties to have complaints heard by an impartial person of their joint selection, with expertise in the employment field. Both employers and individual employees benefit by having experts resolve their disputes without the costs and delay of litigation. The rules included procedures which ensure due process in both the mediation and arbitration of employment disputes. After a year of use, the rules have been amended to address technical issues.

## AAA's Policy on Employment ADR

The AAA's policy on employment ADR is guided by the state of existing law, as well as its obligation to act in an impartial manner. In following the law, and in the interest of providing an appropriate

forum for the resolution of employment disputes, the Association administers dispute resolution programs which meet the due process standards as outlined in its *National Rules for the Resolution of Employment Disputes* and the *Due Process Protocol*. If the Association determines that a dispute resolution program on its face substantially and materially deviates from the minimum due process standards of the *National Rules for the Resolution of Employment Disputes* and the *Due Process Protocol*, the Association may decline to administer cases under that program. Other issues will be presented to the arbitrator for determination.

## Notification

If an employer intends to utilize the dispute resolution services of the Association in an employment ADR plan, it shall, at least thirty (30) days prior to the planned effective date of the program: (1) notify the Association of its intention to do so; and (2) provide the Association with a copy of the employment dispute resolution plan. If an employer does not comply with this requirement, the Association reserves the right to decline its administrative services. Copies of all plans should be sent to the American Arbitration Association's Office of Program Development, 335 Madison Avenue, New York, NY 10017; Fax: 212-716-5913.

## Designing an ADR Program

The guiding principle in designing a successful employment ADR system is that it must be fair in fact and perception. The American Arbitration Association has considerable experience in administering and assisting in the design of employment ADR plans, which gives it an informed perspective on how to effectively design ADR systems, as well as the problems to avoid. Its guidance to those designing employment ADR systems is summarized as follows:

- The American Arbitration Association encourages employers to consider the wide range of legally-available options to resolve workplace disputes outside the courtroom.
- A special emphasis is placed by the Association on encouraging the development of in-house dispute resolution procedures, such as open door policies, ombuds, peer review, and internal mediation.
- The Association recommends an external mediation component to resolve disputes not settled by the internal dispute resolution process.
- Programs which use arbitration as a final step may employ:
  - pre-dispute, voluntary final and binding arbitration;
  - pre-dispute, mandatory nonbinding arbitration;
  - pre-dispute, mandatory final and binding arbitration; or
  - post-dispute, voluntary final and binding arbitration.
- Although the AAA administers binding arbitration systems that have been required as a condition of initial or continued employment, such programs must be consistent with the Association's *National Rules for the Resolution of Employment Disputes* and the *Due Process Protocol*.

Specific guidance on the responsible development and design of employment ADR systems is contained in the Association's publication, *Resolving Employment Disputes: A Practical Guide*, which is available from any AAA office.

## Alternative Dispute Resolution Options

*Open Door Policy:* Employees are encouraged to meet with their immediate manager or supervisor

to discuss problems arising out of the workplace environment. In some systems, the employee is free to approach anyone in the chain of command.

*Ombuds:* A neutral third party (either from within or outside the company) is designated to confidentially investigate and propose settlement of employment complaints brought by employees.

*Peer Review:* A panel of employees (or employees and managers) works together to resolve employment complaints. Peer review panel members are trained in the handling of sensitive issues.

*Internal Mediation:* A process for resolving disputes in which a neutral third person from within the company, trained in mediation techniques, helps the disputing parties negotiate a mutually acceptable settlement. Mediation is a nonbinding process in which the parties discuss their disputes with an impartial person who assists them in reaching a settlement. The mediator may suggest ways of resolving the dispute but may not impose a settlement on the parties.

*Fact-Finding:* The investigation of a complaint by an impartial third person (or team) who examines the complaint and the facts and issues a non-binding report. Fact-finding is particularly helpful for allegations of sexual harassment, where a fact-finding team, composed of one male and one female neutral, investigates the allegations and presents its findings to the employer and the employee.

*Arbitration:* Arbitration is generally defined as the submission of disputes to one or more impartial persons for final and binding determination. It can be the final step in a workplace program that includes other dispute resolution methods. There are many possibilities for designing this final step. They include:

*Pre-Dispute, Voluntary Final and Binding Arbitration:* The parties agree in advance, on a voluntary basis, to use arbitration to resolve disputes and they are bound by the outcome.

*Pre-Dispute, Mandatory Nonbinding Arbitration:* The parties must use the arbitration process to resolve disputes, but they are not bound by the outcome.

*Pre-Dispute, Mandatory Final and Binding Arbitration:* The parties must arbitrate unresolved disputes and they are bound by the outcome.

*Post-Dispute, Voluntary Final and Binding Arbitration:* The parties have the option of deciding whether to use final and binding arbitration after a dispute arises.

## Types of Disputes Covered

The dispute resolution procedures contained in this booklet can be inserted into an employee personnel manual, an employment application of an individual employment agreement, or can be used for a specific dispute. They do not apply to disputes arising out of collective bargaining agreements.

# NATIONAL RULES FOR THE RESOLUTION OF EMPLOYMENT DISPUTES

## I.  Applicable Rules of Arbitration

The parties shall be deemed to have made these rules a part of their arbitration agreement whenever they have provided for arbitration by the American Arbitration Association (hereinafter "AAA") or under its National Rules for the Resolution of Employment Disputes.  If a party establishes that an adverse material inconsistency exists between the arbitration agreement and these rules, the arbitrator shall apply these rules.

If, within thirty (30) days after the Association's commencement of administration, a party seeks judicial intervention with respect to a pending arbitration, the Association will suspend administration for sixty (60) days to permit the party to obtain a stay of arbitration from the court.

These rules, and any amendment of them, shall apply in the form obtaining at the time the demand for arbitration or submission is received by the AAA.

## 2.  Notification

An employer intending to incorporate these rules or to refer to the dispute resolution services of the AAA in an employment ADR plan, shall, at least thirty (30) days prior to the planned effective date of the program:

    i)  notify the Association of its intention to do so and,

    ii) provide the Association with a copy of the employment dispute resolution plan.

Compliance with this requirement shall not preclude an arbitrator from entertaining challenges as provided in Section 1.  If an employer does not comply with this requirement,

the Association reserves the right to decline its administrative services.

## 3.  AAA as Administrator of the Arbitration

When parties agree to arbitrate under these rules, or when they provide for arbitration by the AAA and an arbitration is initiated under these rules, they thereby authorize the AAA to administer the arbitration. The authority and duties of the AAA are prescribed in these rules, and may be carried out through such of the AAA's representatives as it may direct.

## 4.  Initiation of Arbitration

Arbitration shall be initiated in the following manner.

    a.  The parties may submit a joint request for arbitration.

    b.  In the absence of a joint request for arbitration:

        (i) The initiating party (hereinafter "Claimant[s]") shall:

            (1) File a written notice (hereinafter "Demand") of its intention to arbitrate at any regional office of the AAA, within the time limit established by the applicable statute of limitations if the dispute involves statutory rights.  If no statutory rights are involved, the time limit established by the applicable arbitration agreement shall be followed.  Any dispute over such issues shall be referred to the arbitrator.  The filing shall be made in duplicate, and each copy shall include the applicable arbitration agreement. The

Demand shall set forth the names, addresses, and telephone numbers of the parties; a brief statement of the nature of the dispute; the amount in controversy, if any; the remedy sought; and requested hearing location.

    (2) Simultaneously mail a copy of the Demand to the party (hereinafter "Respondent[s]").

    (3) Include with its Demand the applicable filing fee, unless the parties agree to some other method of fee advancement.

(ii) The Respondent(s) shall file an Answer with the AAA within ten (10) days after the date of the letter from the AAA acknowledging receipt of the Demand. The Answer shall provide the Respondent's brief response to the claim and the issues presented. The Respondent(s) shall make its filing in duplicate with the AAA, and simultaneously shall mail a copy of the Answer to the Claimant.

(iii) The Respondent(s):

    (1) May file a counterclaim with the AAA within ten (10) days after the letter from the AAA acknowledging receipt of the Demand. The filing shall be made in duplicate. The counterclaim shall set forth the nature of the claim, the amount in controversy, if any, and the remedy sought.

    (2) Simultaneously shall mail a copy of any counterclaim to the Claimant.

    (3) Shall include with its filing the applicable filing fee provided for by these rules.

(iv) The Claimant may file an Answer to the counterclaim with the AAA within ten (10) days after the date of the letter from the AAA acknowledging receipt of the counterclaim. The Answer shall provide Claimant's brief response to the counterclaim and the issues presented. The Claimant shall make its filing in duplicate with the AAA, and simultaneously shall mail a copy of the Answer to the Respondent(s).

c. The form of any filing in these rules shall not be subject to technical pleading requirements.

## 5. Changes of Claim

Before the appointment of the arbitrator, if either party desires to offer a new or different claim or counterclaim, such party must do so in writing by filing a written statement with the AAA and simultaneously mailing a copy to the other party(s), who shall have ten (10) days from the date of such mailing within which to file an Answer with the AAA. After the appointment of the arbitrator, a party may offer a new or different claim or counterclaim only at the discretion of the arbitrator.

## 6. Administrative and Mediation Conferences

Before the appointment of the arbitrator, any party may request, or the AAA, in its discretion, may schedule an administrative conference with a representative of the AAA and the parties and/or their representatives. The purpose of the administrative conference is to organize and expedite the arbitration, explore its administrative aspects, establish the most efficient means of

selecting an arbitrator, and to consider mediation as a dispute resolution option. There is no administrative fee for this service.

At any time after the filing of the Demand, with the consent of the parties, the AAA will arrange a mediation conference under its Mediation Rules to facilitate settlement. The mediator shall not be any arbitrator appointed to the case, except by mutual agreement of the parties. There is no administrative fee for initiating a mediation under AAA Mediation Rules for parties to a pending arbitration.

## 7. Discovery

The arbitrator shall have the authority to order such discovery, by way of deposition, interrogatory, document production, or otherwise, as the arbitrator considers necessary to a full and fair exploration of the issues in dispute, consistent with the expedited nature of arbitration.

## 8. Arbitration Management Conference

As soon as possible after the appointment of the arbitrator but not later than sixty (60) days thereafter, the arbitrator shall conduct an Arbitration Management Conference with the parties and/or their representatives, in person or by telephone, to explore and resolve matters that will expedite the arbitration proceedings. The specific matters to be addressed include:

   (i)  the issues to be arbitrated;

  (ii)  the date, time, place and estimated duration of the hearing;

 (iii)  the resolution of outstanding discovery issues and establishment of discovery parameters;

 (iv)  the law, standards, rules of evidence and burdens of proof that are to apply to the proceeding;

  (v)  the exchange of stipulations and declarations regarding facts, exhibits, witnesses and other issues;

 (vi)  the names of witnesses (including expert witnesses), the scope of witness testimony, and witness exclusion;

(vii)  the value of bifurcating the arbitration into a liability phase and damages phase;

(viii)  the need for a stenographic record;

 (ix)  whether the parties will summarize their arguments orally or in writing;

  (x)  the form of the award;

 (xi)  any other issues relating to the subject or conduct of the arbitration;

(xii)  the allocation of attorney's fees and costs.

The arbitrator shall issue oral or written orders reflecting his or her decisions on the above matters and may conduct additional conferences when the need arises.

There is no AAA administrative fee for an Arbitration Management Conference.

## 9. Location of the Arbitration

The parties may designate the location of the arbitration by mutual agreement. In the absence of such agreement before the appointment of the arbitrator, any party may request a specific hearing location by notifying the AAA in writing and simultaneously mailing a copy of the request to the other party(s). If the AAA receives no objection within ten (10) days of the date of the request, the hearing shall be held at the requested location. If a timely objection is filed with the AAA, the AAA shall have the power to determine the location and its decision shall be final and binding. After the appointment of the arbitrator, the arbitrator shall resolve all disputes regarding the location of the hearing.

## 10.  Date and Time of Hearing

The arbitrator shall have the authority to set the date and time of the hearing in consultation with the parties.

## 11.  Qualifications to Serve as Arbitrator and Rights of Parties to Disqualify Arbitrator

a.  Standards of Experience and Neutrality

(i) Arbitrators serving under these rules shall be experienced in the field of employment law.

(ii) Arbitrators serving under these rules shall have no personal or financial interest in the results of the proceedings in which they are appointed and shall have no relation to the underlying dispute or to the parties or their counsel that may create an appearance of bias.

(iii) The roster of available arbitrators will be established on a non-discriminatory basis, diverse by gender, ethnicity, background and qualifications.

(iv) The Association may, upon request of a party or upon its own initiative, supplement the list of proposed arbitrators in disputes arising out of individually negotiated employment contracts with persons from the regular Commercial Roster, to allow the Association to respond to the particular needs of the dispute.  In multi-arbitrator disputes, at least one of the arbitrators shall be experienced in the field of employment law.

b.  Standards of Disclosure by Arbitrator
Prior to accepting appointment, the prospective arbitrator shall disclose all information that might be relevant to the standards of neutrality set forth in this Section, including but not limited to service as a neutral in any past or pending case involving any of the parties and/or their representatives or that may prevent a prompt hearing.

c.  Disqualification for Failure To Meet Standards of Experience and Neutrality
An arbitrator may be disqualified in two ways:

(i) No later than ten (10) days after the appointment of the arbitrator, all parties jointly may challenge the qualifications of an arbitrator by communicating their objection to the AAA in writing. Upon receipt of a joint objection, the arbitrator shall be replaced.

(ii) Any party may challenge the qualifications of an arbitrator by communicating its objection to the AAA in writing. Upon receipt of the objection, the AAA either shall replace the arbitrator or communicate the objection to the other parties. If any party believes that the objection does not merit disqualification of the arbitrator, the party shall so communicate to the AAA and to the other parties within ten (10) days of the receipt of the objection from the AAA.  Upon objection of a party to the service of an arbitrator, the AAA shall determine whether the arbitrator should be disqualified and shall inform the parties of its decision, which shall be conclusive.

## 12.  Number and Appointment of Neutral Arbitrators

a.  If the parties do not specify the number of

arbitrators, the dispute shall be heard and determined by one arbitrator. If the parties cannot agree upon the number of arbitrators, the AAA shall have the authority to determine the number of arbitrators.

b. If the parties have not appointed an arbitrator and have not provided any method of appointment, the arbitrator shall be appointed in the following manner:

(i) Immediately after it receives the Demand, the AAA shall mail simultaneously to each party a letter containing an identical list of the names of all arbitrators who are members of the regional Employment Dispute Resolution Roster.

(ii) Each party shall have ten (10) days from the date of the letter in which to select the name of a mutually acceptable arbitrator to hear and determine their dispute. If the parties cannot agree upon a mutually acceptable arbitrator, they shall so notify the AAA. Within ten (10) days of the receipt of that notice, the AAA shall send the parties a shorter list of arbitrators who are members of the regional Employment Dispute Resolution Roster. Each party shall have ten (10) days from the date of the letter containing the revised list to strike any names objected to, number the remaining names in order of preference, and return the list to the AAA. If a party does not return the list within the time specified, all of the listed persons shall be deemed acceptable to that party.

(iii) The AAA shall invite the acceptance of the arbitrator whom both parties have selected as mutually acceptable or, in the case of resort to the ranking procedure, the arbitrator who has received the highest rating in the order of preference that the parties have specified.

(iv) If the parties fail to agree on any of the persons whom the AAA submits for consideration, or if mutually acceptable arbitrators are unable to act, or if for any other reason the appointment cannot be made from the list of persons whom the AAA submits for consideration, the AAA shall have the power to make the appointment from among other members of the Roster without the submission of additional lists.

## 13. Vacancies

If for any reason an arbitrator is unable to perform the duties of the office, the AAA may, on proof satisfactory to it, declare the office vacant. The vacancy shall be filled in accordance with applicable provisions of these Rules.

In the event of a vacancy in a panel of neutral arbitrators after the hearings have commenced, the remaining arbitrator or arbitrators may continue with the hearing and determination of the controversy, unless the parties agree otherwise.

## 14. Representation

Any party may be represented by counsel or other authorized representative. For parties without representation the AAA will, upon request, provide reference to institutions which might offer assistance. A party who intends to be represented shall notify the other party and the AAA of the name and address of the representative at least ten (10) days prior to the date set for the hearing or conference at which that person is first to appear. If a representative files a Demand or an Answer, the obligation to give notice of representative status is deemed satisfied.

## 15. Stenographic Record

Any party desiring a stenographic record, shall make arrangements directly with a stenographer and shall notify the other parties of these arrangements at least three days in advance of the hearing. The requesting party or parties shall pay the cost of the record. If the transcript is agreed by the parties, or determined by the arbitrator to be the official record of the proceeding, it must be provided to the arbitrator and made available to the other parties for inspection, at a date, time, and place determined by the arbitrator.

## 16. Interpreters

Any party wishing an interpreter shall make all arrangements directly with the interpreter and shall assume the costs of the service.

## 17. Attendance at Hearings

The arbitrator shall have the authority to exclude witnesses, other than a party, from the hearing during the testimony of any other witness. The arbitrator also shall have the authority to decide whether any person who is not a witness may attend the hearing.

## 18. Confidentiality

The arbitrator shall maintain the confidentiality of the arbitration and shall have the authority to make appropriate rulings to safeguard that confidentiality, unless the parties agree otherwise or the law provides to the contrary.

## 19. Postponements

The arbitrator: (1) may postpone any hearing upon the request of a party for good cause shown; (2) must postpone any hearing upon the mutual agreement of the parties; and (3) may postpone any hearing on his or her own initiative.

## 20. Oaths

Before proceeding with the first hearing, each arbitrator may take an oath of office and, if required by law, shall do so. The arbitrator may require witnesses to testify under oath administered by any duly qualified person and, if it is required by law or requested by any party, shall do so.

## 21. Majority Decision

All decisions and awards of the arbitrators must be by a majority, unless the unanimous decision of all arbitrators is expressly required by the arbitration agreement or by law.

## 22. Order of Proceedings and Communication with Arbitrators

A hearing shall be opened by: (1) filing the oath of the arbitrator, where required; (2) recording the date, time, and place of the hearing; (3) recording the presence of the arbitrator, the parties, and their representatives, if any; and (4) receiving into the record the Demand and the Answer, if any. The arbitrator may, at the beginning of the hearing, ask for statements clarifying the issues involved.

The parties shall bear the same burdens of proof and burdens of producing evidence as would apply if their claims and counterclaims had been brought in court.

Witnesses for each party shall submit to direct and cross examination as approved by the arbitrator.

With the exception of the rules regarding the allocation of the burdens of proof and going forward with the evidence, the arbitrator has the authority to set the rules for the conduct of the proceedings and shall exercise that authority to afford a full and equal opportunity to all parties to present any evidence that the arbitrator deems material and relevant to the resolution of the dispute.

Documentary and other forms of physical evidence, when offered by either party, may be received in evidence by the arbitrator.

The names and addresses of all witnesses and a description of the exhibits in the order received shall be made a part of the record.

There shall be no *ex parte* communication with the arbitrator, unless the parties and the arbitrator agree to the contrary in advance of the communication.

## 23. Arbitration in the Absence of a Party or Representative

Unless the law provides to the contrary, the arbitration may proceed in the absence of any party or representative who, after due notice, fails to be present or fails to obtain a postponement. An award shall not be based solely on the default of a party. The arbitrator shall require the party who is in attendance to present such evidence as the arbitrator may require for the making of the award.

## 24. Evidence

The parties may offer such evidence as is relevant and material to the dispute and shall produce such evidence as the arbitrator deems necessary to an understanding and determination of the dispute. An arbitrator or other person authorized by law to subpoena witnesses or documents may do so upon the request of any party or independently.

The arbitrator shall be the judge of the relevance and materiality of the evidence offered, and conformity to legal rules of evidence shall not be necessary. The arbitrator may in his or her discretion direct the order of proof, bifurcate proceedings, exclude cumulative or irrelevant testimony or other evidence, and direct the parties to focus their presentations on issues the decision of which could dispose of all or part of the case.

All evidence shall be taken in the presence of all of the arbitrators and all of the parties, except where any party is absent, in default, or has waived the right to be present.

## 25. Evidence by Affidavit or Declaration and Post-Hearing Filing of Documents or Other Evidence

The arbitrator may receive and consider the evidence of witnesses by affidavit, but shall give it only such weight as the arbitrator deems it entitled to after consideration of any objection made to its admission.

If the parties agree or the arbitrator directs that documents or other evidence may be submitted to the arbitrator after the hearing, the documents or other evidence shall be filed with the AAA for transmission to the arbitrator, unless the parties agree to a different method of distribution. All parties shall be afforded an opportunity to examine such documents or other evidence and to lodge appropriate objections, if any.

## 26. Inspection or Investigation

An arbitrator finding it necessary to make an inspection or investigation in connection with the arbitration shall direct the AAA to so advise the parties. The arbitrator shall set the date and time, and the AAA shall notify the parties. Any party who so desires may be present during the inspection or investigation. In the event that one or all parties are not present during the inspection or investigation, the arbitrator shall make an oral or written report to the parties and afford them an opportunity to comment.

### 27. Interim Measures

At the request of any party, the arbitrator may take whatever interim measures he or she deems necessary with respect to the dispute, including measures for the conservation of property.

Such interim measures may be taken in the form of an interim award and the arbitrator may require security for the costs of such measures.

### 28. Closing of Hearing

The arbitrator shall specifically inquire of all parties whether they have any further proofs to offer or witnesses to be heard. Upon receiving negative replies or if satisfied that the record is complete, the arbitrator shall declare the hearing closed.

If briefs are to be filed, the hearing shall be declared closed as of the final date set by the arbitrator for the receipt of briefs. If documents are to be filed as provided in Section 25 and the date set for their receipt is later than that set for the receipt of briefs, the later date shall be the date of closing the hearing. The time limit within which the arbitrator is required to make the award shall commence to run, in the absence of other agreements by the parties, upon closing of the hearing.

### 29. Reopening of Hearing

The hearing may be reopened by the arbitrator upon the arbitrator's initiative, or upon application of a party for cause shown, at any time before the award is made. If reopening the hearing would prevent the making of the award within the specific time agreed on by the parties in the contract(s) out of which the controversy has arisen, the matter may not be reopened unless the parties agree on an extension of time. When no specific date is fixed in the contract, the arbitrator may

reopen the hearing and shall have thirty (30) days from the closing of the reopened hearing within which to make an award.

### 30. Waiver of Oral Hearing

The parties may provide, by written agreement, for the waiver of oral hearings in any case. If the parties are unable to agree as to the procedure, the AAA shall specify a fair and equitable procedure.

### 31. Waiver of Objection/Lack of Compliance with These Rules

Any party who proceeds with the arbitration after knowledge that any provision or requirement of these rules has not been complied with, and who fails to state objections thereto in writing, shall be deemed to have waived the right to object.

### 32. Extensions of Time

The parties may modify any period of time by mutual agreement. The AAA or the arbitrator may for good cause extend any period of time established by these Rules, except the time for making the award. The AAA shall notify the parties of any extension.

### 33. Serving of Notice

Each party shall be deemed to have consented that any papers, notices, or process necessary or proper for the initiation or continuation of an arbitration under these Rules; for any court actions in connection therewith; or for the entry of judgment on an award made under these procedures may be served on a party by mail addressed to the party or its representative at the last known address or by personal service, in or outside the state where the arbitration is to be held.

The AAA and the parties may also use facsimile transmission, telex, telegram, or other written forms of electronic communication to give the notices required by these Rules.

## 34. The Award

a. The award shall be made promptly by the arbitrator and, unless otherwise agreed by the parties or specified by law, no later than thirty (30) days from the date of closing of the hearing or, if oral hearings have been waived, from the date of the AAA's transmittal of the final statements and proofs to the arbitrator.

b. An award issued under these rules shall be publicly available, on a cost basis. The names of the parties and witnesses will not be publicly available, unless a party expressly agrees to have its name made public in the award.

c. The award shall be in writing and shall be signed by a majority of the arbitrators and shall provide the written reasons for the award unless the parties agree otherwise. It shall be executed in the manner required by law.

d. The arbitrator may grant any remedy or relief that the arbitrator deems just and equitable, including any remedy or relief that would have been available to the parties had the matter been heard in court. The arbitrator shall, in the award, assess arbitration fees, expenses, and compensation as provided in Sections 38, 39, and 40 in favor of any party and, in the event any administrative fees or expenses are due the AAA, in favor of the AAA.

e. The arbitrator shall have the authority to provide for the reimbursement of representative's fees, in whole or in part, as part of the remedy, in accordance with applicable law.

f. If the parties settle their dispute during the course of the arbitration, the arbitrator may set forth the terms of the settlement in a consent award.

g. The parties shall accept as legal delivery of the award the placing of the award or a true

copy thereof in the mail, addressed to a party or its representative at the last known address, personal service of the award, or the filing of the award in any manner that may be required by law.

h. The arbitrator's award shall be final and binding. Judicial review shall be limited, as provided by law.

## 35. Modification of Award

Within twenty (20) days after the transmittal of an award, any party, upon notice to the other parties, may request the arbitrator to correct any clerical, typographical, technical or computational errors in the award. The arbitrator is not empowered to redetermine the merits of any claim already decided.

The other parties shall be given ten (10) days to respond to the request. The arbitrator shall dispose of the request within twenty (20) days after transmittal by the AAA to the arbitrator of the request and any response thereto.

If applicable law requires a different procedural time frame, that procedure shall be followed.

## 36. Release of Documents for Judicial Proceedings

The AAA shall, upon the written request of a party, furnish to the party, at that party's expense, certified copies of any papers in the AAA's case file that may be required in judicial proceedings relating to the arbitration.

## 37. Judicial Proceedings and Exclusion of Liability

a. No judicial proceeding by a party relating to the subject matter of the arbitration shall be deemed a waiver of the party's right to arbitrate.

b. Neither the AAA nor any arbitrator in a proceeding under these rules is or shall be considered a necessary or proper party in judicial proceedings relating to the arbitration.

c. Parties to these procedures shall be deemed to have consented that judgment upon the arbitration award may be entered in any federal or state court having jurisdiction.

d. Neither the AAA nor any arbitrator shall be liable to any party for any act or omission in connection with any arbitration conducted under these procedures.

## 38. Administrative Fees

As a not-for-profit organization, the AAA shall prescribe filing and other administrative fees to compensate it for the cost of providing administrative services. The AAA administrative fee schedule in effect at the time the demand for arbitration or submission agreement is received shall be applicable.

AAA fees shall be paid in accordance with the Administrative Fee Schedule (see pages 32–35).

The AAA may, in the event of extreme hardship on any party, defer or reduce the administrative fees. (To ensure that you have the most current information, see our Web site at www.adr.org).

## 39. Expenses

Unless otherwise agreed by the parties, the expenses of witnesses for either side shall be borne by the party producing such witnesses. All expenses of the arbitration, including required travel and other expenses of the arbitrator, AAA representatives, and any witness and the costs relating to any proof produced at the direction of the arbitrator, shall be borne by the employer, unless the parties agree otherwise or unless the arbitrator directs otherwise

in the award as provided for in the Administrative Fee Schedule.

## 40. Neutral Arbitrator's Compensation

Arbitrators shall charge a rate consistent with the arbitrator's stated rate of compensation. If there is disagreement concerning the terms of compensation, an appropriate rate shall be established with the arbitrator by the AAA and confirmed to the parties.

Any arrangement for the compensation of a neutral arbitrator shall be made through the AAA and not directly between the parties and the arbitrator. Payment of the arbitrator's fees and expenses shall be made by the AAA from the fees and moneys collected by the AAA for this purpose.

## 41. Deposits

The AAA may require deposits in advance of any hearings such sums of money as it deems necessary to cover the expenses of the arbitration, including the arbitrator's fee, if any, and shall render an accounting and return any unexpended balance at the conclusion of the case.

## 42. Interpretation and Application of Rules

The arbitrator shall interpret and apply these rules as they relate to the arbitrator's powers and duties. When there is more than one arbitrator and a difference arises among them concerning the meaning or application of these Rules, it shall be resolved by a majority vote. If that is not possible, either an arbitrator or a party may refer the question to the AAA for final decision. All other procedures shall be interpreted and applied by the AAA.

## ADMINISTRATIVE FEE SCHEDULE

### For disputes arising out of employer-promulgated plans:

### Administrative Fee

The AAA's administrative fees are based on filing and service charges. Arbitrator compensation is not included in this schedule. Unless the employee chooses to pay a portion of the arbitrator's compensation, such compensation shall be paid in total by the employer. Arbitrator compensation and administrative fees are not subject to reallocation by the arbitrator(s) except upon the arbitrator's determination that a claim or counterclaim was filed for purposes of harassment or is patently frivolous.

### Filing Fees

In cases before a single arbitrator, a nonrefundable filing fee, capped in the amount of $125, is payable in full by the employee when a claim is filed, unless the plan provides that the employee pay less. A nonrefundable fee in the amount of $375 is payable in full by the employer, unless the plan provides that the employer pay more.

In cases before three or more arbitrators, a nonrefundable filing fee, capped in the amount of $125, is payable in full by the employee when a claim is filed, unless the plan provides that the employee pay less. A nonrefundable fee in the amount of $1,375 is payable in full by the employer, unless the plan provides that the employer pay more.

### Hearing Fees

For each day of hearing held before a single arbitrator, an administrative fee of $300 is payable by the employer.

For each day of hearing held before a multi-arbitrator panel, an administrative fee of $500 is payable by the employer.

There is no AAA hearing fee for the initial Arbitration Management Conference.

### Postponement/Cancellation Fees

A fee of $150 is payable by a party causing a postponement of any hearing scheduled before a single arbitrator.

A fee of $250 is payable by a party causing a postponement of any hearing scheduled before a multi-arbitrator panel.

### Hearing Room Rental

The hearing fees described above do not cover the rental of hearing rooms, which are available on a rental basis. Check with the administrator for availability and rates. Hearing room rental fees will be borne by the employer.

### Suspension for Nonpayment

If arbitrator compensation or administrative charges have not been paid in full, the administrator may so inform the parties in order that one of them may advance the required payment. If such payments are not made, the arbitrator may order the suspension or termination of the proceedings. If no arbitrator has yet been appointed, the administrator may suspend the proceedings.

### For disputes arising out of individually-negotiated employment agreements and contracts

The AAA's Commercial Fee Schedule, listed on pages 34–35, will apply to disputes arising out of individually-negotiated employment agreements and contracts, even if such agreements and contracts reference or incorporate an employer-promulgated plan. Any questions or disagreements about whether a matter arises out of an employer-promulgated plan or an individually-negotiated agreement or contract shall be determined by the AAA and its determination shall be final.

## Administrative Fee

The administrative fees of the AAA are based on the amount of the claim or counterclaim. Arbitrator compensation is not included in this schedule. Unless the parties agree otherwise, arbitrator compensation and administrative fees are subject to allocation by the arbitrator in the award.

## Fees

A nonrefundable initial filing fee is payable in full by a filing party when a claim, counterclaim or additional claim is filed.

A case service fee will be incurred for all cases that proceed to their first hearing. This fee will be payable in advance at the time that the first hearing is scheduled. This fee will be refunded at the conclusion of the case if no hearings have occurred.

However, if the Association is not notified at least 24 hours before the time of the scheduled hearing, the case service fee will remain due and will not be refunded.

These fees will be billed in accordance with the following schedule:

| Amount of Claim | Initial Filing Fee | Case Service Fee |
|---|---|---|
| Above $0 to $10,000 | $500 | N/A |
| Above $10,000 to $75,000 | $750 | N/A |
| Above $75,000 to $150,000 | $1,250 | $750 |
| Above $150,000 to $300,000 | $2,750 | $1,000 |
| Above $300,000 to $500,000 | $4,250 | $1,250 |
| Above $500,000 to $1,000,000 | $6,000 | $2,000 |
| Above $1,000,000 to $7,000,000 | $8,500 | $2,500 |
| Above $7,000,000 to $10,000,000 | $13,000 | $3,000 |
| Above $10,000,000 | * | * |
| No Amount Stated ** | $3,250 | $750 |

*Contact your local AAA office for fees for claims in excess of $10 million.

** This fee is applicable when no amount can be stated at the time of filing, or when a claim or counterclaim is not for a monetary amount. The fees are subject to increase or decrease when the claim or counterclaim is disclosed.

The minimum fees for any case having three or more arbitrators are $2,750 for the filing fee, plus a $1,000 case service fee.

Parties on cases held in abeyance for one year by agreement, will be assessed an annual abeyance fee of $300. If a party refuses to pay the assessed fee, the other party or parties may pay the entire fee on behalf of all parties, otherwise the matter will be closed.

## Hearing Room Rental

The fees described above do not cover the rental of hearing rooms, which are available on a rental basis. Check with the AAA for availability and rates.

# EMPLOYMENT MEDIATION RULES

## I. Agreement of Parties

Whenever, by provision in an employment dispute resolution program, or by separate submission, the parties have provided for mediation or conciliation of existing or future disputes under the auspices of the American Arbitration Association (hereinafter "AAA") or under these rules, they shall be deemed to have made these rules, as amended and in effect as of the date of the submission of the dispute, a part of their agreement.

## 2. Initiation of Mediation

Any party to an employment dispute may initiate mediation by filing with the AAA a submission to mediation or a written request for mediation pursuant to these rules, together with the applicable administrative fee.

## 3. Request for Mediation

A request for mediation shall contain a brief statement of the nature of the dispute and the names, addresses, and telephone numbers of all parties to the dispute and those who will represent them, if any, in the mediation. The initiating party shall simultaneously file two copies of the request with the AAA and one copy with every other party to the dispute.

## 4. Appointment of Mediator

Upon receipt of a request for mediation, the AAA will appoint a qualified mediator to serve. Normally, a single mediator will be appointed unless the parties agree otherwise or the AAA determines otherwise. If the agreement of the parties names a mediator or specifies a method of appointing a mediator, that designation or method shall be followed.

## 5. Qualifications of Mediator

No person shall serve as a mediator in any dispute in which that person has any financial or personal interest in the result of the mediation, except by the written consent of all parties. Prior to accepting an appointment, the prospective mediator shall disclose any circumstance likely to create a presumption of bias or prevent a prompt meeting with the parties. Upon receipt of such information, the AAA shall either replace the mediator or immediately communicate the information to the parties for their comments. In the event that the parties disagree as to whether the mediator shall serve, the AAA will appoint another mediator. The AAA is authorized to appoint another mediator if the appointed mediator is unable to serve promptly.

## 6. Vacancies

If any mediator shall become unwilling or unable to serve, the AAA will appoint another mediator, unless the parties agree otherwise.

## 7. Representation

Any party may be represented by a person of the party's choice. The names and addresses of such persons shall be communicated in writing to all parties and to the AAA.

## 8. Date, Time, and Place of Mediation

The mediator shall fix the date and the time of each mediation session. The mediation shall be held at the appropriate regional office of the AAA, or at any other convenient location agreeable to the mediator and the parties, as the mediator shall determine.

## 9. Identification of Matters in Dispute

At least ten (10) days prior to the first scheduled mediation session, each party shall provide

the mediator with a brief memorandum setting forth its position with regard to the issues that need to be resolved. At the discretion of the mediator, such memoranda may be mutually exchanged by the parties.

At the first session, the parties will be expected to produce all information reasonably required for the mediator to understand the issues presented. The mediator may require any party to supplement such information.

## 10. Authority of Mediator

The mediator does not have the authority to impose a settlement on the parties but will attempt to help them reach a satisfactory resolution of their dispute. The mediator is authorized to conduct joint and separate meetings with the parties and to make oral and written recommendations for settlement. Whenever necessary, the mediator may also obtain expert advice concerning technical aspects of the dispute, provided that the parties agree and assume the expenses of obtaining such advice. Arrangements for obtaining such advice shall be made by the mediator or the parties, as the mediator shall determine.

The mediator is authorized to end the mediation whenever, in the judgment of the mediator, further efforts at mediation would not contribute to a resolution of the dispute between the parties.

## 11. Privacy

Mediation sessions are private. The parties and their representatives may attend mediation sessions. Other persons may attend only with the permission of the parties and with the consent of the mediator.

## 12. Confidentiality

Confidential information disclosed to a mediator by the parties or by witnesses in the course of

the mediation shall not be divulged by the mediator. All records, reports, or other documents received by a mediator while serving in that capacity shall be confidential. The mediator shall not be compelled to divulge such records or to testify in regard to the mediation in any adversary proceeding or judicial forum.

The parties shall maintain the confidentiality of the mediation and shall not rely on, or introduce as evidence in any arbitral, judicial, or other proceeding

 a. views expressed or suggestions made by another party with respect to a possible settlement of the dispute;
 b. admissions made by another party in the course of the mediation proceedings;
 c. proposals made or views expressed by the mediator; or
 d. the fact that another party had or had not indicated willingness to accept a proposal for settlement made by the mediator.

## 13. No Stenographic Record

There shall be no stenographic record of the mediation process.

## 14. Termination of Mediation

The mediation shall be terminated

 a. by the execution of a settlement agreement by the parties;
 b. by a written declaration of the mediator to the effect that further efforts at mediation are no longer worthwhile; or
 c. by a written declaration of a party or parties to the effect that the mediation proceedings are terminated.

## 15. Exclusion of Liability

Neither the AAA nor any mediator is a necessary party in judicial proceedings relating to the mediation.

– 38 –

– 39 –

Neither the AAA nor any mediator shall be liable to any party for any act or omission in connection with any mediation conducted under these rules.

## 16. Interpretation and Application of Rules

The mediator shall interpret and apply these rules insofar as they relate to the mediator's duties and responsibilities. All other rules shall be interpreted and applied by the AAA.

## 17. Expenses

The expenses of witnesses for either side shall be paid by the party producing such witnesses. All other expenses of the mediation, including required traveling and other expenses of the mediator and representatives of the AAA, and the expenses of any witness and the cost of any proofs or expert advice produced at the direct request of the mediator, shall be borne equally by the parties unless they agree otherwise.

## MEDIATION FEE SCHEDULE

The nonrefundable case set-up fee is $150 per party. An AAA administrative fee of $75 per every hour of conference time spent by the mediator is also charged. The $150 nonrefundable case set-up fees will be applied toward the AAA administrative fee. In addition, the parties are responsible for compensating the mediator at his or her published rate, for conference and study time (hourly or per diem).

All expenses are generally borne equally by the parties. The parties may adjust this arrangement by agreement.

Before the commencement of the mediation, the AAA shall estimate anticipated total expenses. Each party shall pay its portion of that amount as per the agreed upon arrangment. When the mediation has terminated, the AAA shall render an accounting and return any unexpended balance to the parties.

Rules, forms, procedures and guides, as well as information about applying for a fee reduction or deferral, are subject to periodic change and updating. To ensure that you have the most current information, see our Web site at **www.adr.org**

©2002, all rights are reserved by the American Arbitration Association.

Exhibit 4

# TRADER PUBLISHING COMPANY
# ARBITRATION PROCESS

### QUESTIONS AND ANSWERS

1.  *Who will be covered under the Arbitration Process?*

    <u>Answer</u>:  All persons who are hired by the Company on or after January 1, 2003 will be covered by the Arbitration Process.  Of course, the Company also is covered under the Arbitration Process.

2.  *What is an "arbitrable claim"?*

    <u>Answer</u>:  Generally, arbitrable claims include claims recognized under federal, state, and local statutory or case law involving your application for employment with the Company, your employment with the Company, or the termination of your employment with the Company.  These include such things as: discrimination based on age, sex, race, national origin, disability, or religion; sexual or other harassment; workers' compensation retaliation; intentional torts; defamation; infliction of emotional distress; negligence; breach of contract; wrongful termination; violations of public policy; and other matters involving the terms and conditions of your employment or employment application.

3.  *What is the difference between Arbitration and a court trial?*

    <u>Answer</u>:  With Arbitration, the decision is final.  There is no right to a jury trial after the Arbitration.  American Arbitration Association (AAA) Arbitrators have many years of experience in the judicial process and some are retired judges.  However, an Arbitration proceeding is usually much more informal than a case heard in court.  The proceeding is held in private offices instead of in a public courthouse.  In addition, because Arbitration is faster and less formal, it ends up costing much less to resolve the case, for all concerned.

4.  *What happens if I file a lawsuit against the Company that involves a workplace dispute?*

    <u>Answer</u>:  The Company will ask the court to dismiss the case and refer it to the Arbitration Process.

5.  *Is there any limit on the amount of monetary damages that can be awarded through Arbitration?*

    <u>Answer</u>:  Arbitration does not impose a maximum award.  An Arbitrator has the same authority as a court or an administrative agency to award damages.

6. *What can I do to seek relief if I believe my legal rights have been violated?*

   <u>Answer</u>: You have several options:

       (a)    You can use the procedures outlined in the Company's Open Door Policy.

       (b)    If you cannot resolve your dispute through the Open Door Policy, you proceed to Arbitration. The Arbitrator will determine if a legal right has been violated, and the proper remedy, if any.

7. *How do I initiate the Arbitration Process?*

   <u>Answer</u>: File a written notice of your intention to arbitrate at any regional office of the AAA within the time limit established by the applicable statute of limitations or otherwise and simultaneously mail a copy to Trader, Attention Arbitration Coordinator, c/o Human Resources Department, P.O. Box 1497, Norfolk, VA 23501. An EMPLOYMENT ARBITRATION RULES DEMAND FOR ARBITRATION FORM can be used for this purpose and is available at www.adr.org by clicking on the "Forms" tab and then "Downloadable Forms." You should follow all procedures for filing your notice outlined in AAA's NATIONAL RULES FOR THE RESOLUTION OF EMPLOYMENT DISPUTES, a copy of which you received when you were hired and is also available at www.adr.org.

8. *Can I be represented by a lawyer in Arbitration?*

   <u>Answer</u>: Yes. It is your choice. You may hire a lawyer to represent you in the Arbitration.

9. *What happens if I am terminated or laid off? Does the Arbitration Process still apply to me?*

   <u>Answer</u>: Yes. If you are terminated or laid off, you must still resolve all employment-related claims through the Arbitration Process.

10. *Does the Arbitration Process cover disputes about on-the-job injuries or claims for unemployment benefits?*

    <u>Answer</u>: Any claim for workers' compensation or unemployment compensation will be handled as it always has been handled and not through the Arbitration Process. (However, certain claims alleging that you have been retaliated against because you filed a workers' compensation claim and intentional tort claims would be covered by the Arbitration Process.)

11. *Will I still be able to go to the Equal Employment Opportunity Commission (EEOC) after the Arbitration Process takes effect?*

    <u>Answer</u>: Yes. The Arbitration Process does not preclude you from filing a charge or participating in an administrative investigation of a charge before the EEOC or any other government administrative agency.

Rev. 12/02

Exhibit 5

If a commissioned sales representative is terminated from Trader Publishing Company, he/she will be paid all commissions earned at the time of termination as defined by the local office.

## Severance Pay

In most circumstances where separation of employment occurs, Trader Publishing Company does not maintain a severance plan or program and does not provide severance pay. In certain circumstances, severance pay may be granted, and Trader Publishing Company reserves the right to grant such pay on a case-by-case basis. The Executive Vice President of Human Resources in Norfolk, Virginia, and the Regional Manager must approve any severance pay granted.

## Return of Property

Employees are responsible for all property, materials, or written information issued to them or in their possession or control. Employees must return all Trader Publishing Company property immediately upon request or upon separation of employment. Where permitted by applicable laws, Trader Publishing Company may withhold from the employee's check or final paycheck the cost of any items that are not returned when required. Trader Publishing Company may also take all action deemed appropriate to recover or protect its property.

## References

All inquiries regarding the employment history of current and former employees are to be directed to the Human Resource Department. Only the Human Resource Department is authorized to release information concerning current or former employees. It is the Company's general policy only to confirm dates of employment and positions held by former employees.

## Personnel Files and Records

The official personnel file for each employee is kept at the Trader Publishing Company Human Resource Department. Each location will also maintain a local file on each employee. Personnel files are considered Company property and are treated with appropriate confidentiality. Your local file generally contains your employment history, salary data, copies of your performance reviews and other information as required by law or Company needs. Benefit data will only be kept with the official files in the Human Resource Department. You may make arrangements to review this file during regular business hours in the presence of a management representative.

Unless otherwise required by state law, former employees will not be permitted access to their personnel file.

## Re-Employment

Any employee who is terminated is not eligible for re-employment. An individual who is laid-off or who voluntarily leaves our employment, giving two or more weeks notice prior to leaving, and whose work performance met appropriate standards, may be considered for re-employment in a position for which the person is suited. Approval to rehire a former employee must be obtained from the Human Resource Department before an offer is extended to the individual. In the event the former employee is rehired, he/she will be considered a new employee. The individual will be required to complete a new employment application and pass a drug test to qualify for employment.

## Change of Address Status

It is your responsibility to notify the Trader Publishing Company Human Resource Department promptly of changes in your address, phone number, marital status or number of dependents. Changes must be requested in writing and submitted to the Human Resource Department.

## Dispute Resolution

Despite our best attempts to avoid them, differences can arise in the course of an employment relationship. Because resolving differences in the courts can be costly and time consuming for both the employee and the Company, the Company has implemented an arbitration process for resolving disputes. Arbitration offers employees the benefits of a speedy, impartial, and cost-effective dispute resolution process. All new hires are required to execute a "Mutual Agreement to Arbitrate" as a condition of employment. By executing this Agreement, you will be waiving your right to pursue employment-related disputes in court and will instead have your concerns heard by a neutral Arbitrator who will make a final and binding decision. If you have any questions regarding the arbitration process, please contact the Employee Relations Department or visit the Company's Human Resources website at www.ask4hr.com.