1 discrimination case as well as having in its employ many of the relevant witnesses." (*Fitz, supra,*
2 118 Cal.App.4th at 716, citing *Mercuro v. Superior Court,* 96 Cal.App.4th 167, 183 (2002).)

      **C.**    ***Martinez v. Master Protection* Does Not Require This Court To Compel Arbitration; In Fact, It Supports Plaintiff's Request For Declaratory And Injunctive Relief**

5       Defendant's also argue that *Martinez v. Master Protection,* 118 Cal.App.4th 107 (2004)
6 supports its position that arbitration should be compelled in this case. (*See,* Opposition, page 10,
7 lines 7-9.)  This is simply not so.  As stated in Plaintiff's moving papers, the Court of Appeal in
8 *Martinez* reversed a trial court's order compelling arbitration under circumstances similar to the
9 instant case.  Specifically, the *Martinez* Court rejected the employer's argument that their
10 arbitration agreement was "mutual" where it required the employee to arbitrate those claims most
11 likely to be brought by employees, while leaving the doors of the court open to those claims most
12 likely to be brought by employers.  (*See,* Plaintiff's Memorandum of Points and Authorities, page
13 10, line 11 - page 11, line 8.)  That is substantially the same situation this Court faces here, so
14 *Martinez* actually supports Plaintiff's Motion, not Defendant's Opposition.

15       In addition, the only reason that the *Martinez* Court agreed to the "single deposition,
16 single document request" scheme set forth in the parties' arbitration agreement was because of
17 the "relatively straightforward allegations of misconduct" involved in that action which "rest
18 largely on documentation rather than testimony." (*Martinez, supra,* 118 Cal.App.4th at 118.)
19 That is not the case here.

20       Finally, of significance for purposes of Defendant's severance argument, the *Martinez*
21 Court concluded that, where a contract contains "multiple defects," it indicates "a systematic
22 effort to impose arbitration on an employee...as an inferior forum that works to the employer's
23 advantage" and severance cannot be utilized to save the agreement. (*Martinez, supra,* 118
24 Cal.App.4th at 120.) (Citations omitted.)  Like *Martinez,* the Court here is faced with an
25 arbitration agreement tainted with multiple defects: it is a contract of adhesion, it unreasonably
26 limits discovery under the circumstances of this case, the agreement lacks mutuality, and the

27 Reply Memorandum in
Support of Motion for
28 Declaratory and Injunctive Relief                    5

agreement imposes the inferior law of the Commonwealth of Virginia, among others.  Therefore, this Arbitration Agreement cannot be saved by severance.

## II. CONCLUSION

For the foregoing reasons, as well as those stated in her moving papers, Plaintiff RITA SIGLAIN respectfully requests that the Court grant her Motion and declare that she is not bound by the terms of the Arbitration Agreement.  Plaintiff further requests an injunction permanently enjoining enforcement of the Arbitration Agreement against her.

Respectfully submitted,

Dated: 6/18/2008

LAW OFFICES OF ERIC G. YOUNG

By: _____
Eric G. Young, Attorneys for Plaintiff
RITA SIGLAIN

Reply Memorandum in
Support of Motion for
Declaratory and Injunctive Relief                          6

# PROOF OF SERVICE

I, Eric G. Young, declare that I am over the age of 18 years, and am not a party to the within-entitled action. My business address is 141 Stony Circle, Suite 202, Santa Rosa, California 95401

On **June 18, 2008**, I served on the parties in said cause the following document(s):

**1) Reply Memorandum of Points and Authorities in Support of Plaintiff's Motion for Declaratory and Injunctive Relief Enjoining Arbitration**

By placing a true and correct copy thereof in a sealed envelope with postage fully prepaid thereon and addressed as follows:

Carla J. Hartley, Attorney
Dillingham & Murphy, LLP
225 Bush Street, 6th Floor
San Francisco, CA 94104-4207
*Attorneys for Defendants*

(X)   **BY MAIL** -

  ( ) -   I personally deposited the aforementioned envelope with the U.S. Postal Service on the date set forth above.

  (X) -   I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice, it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepared at Santa Rosa, California, in the ordinary course of business. I am aware that, on motion of the party service, service is presumed invalid if postal cancellation date or postage meter date is more than one day after the date of deposit for mailing.

( )   **BY PERSONAL SERVICE** - I caused each such document to be delivered by hand to the person or persons noted as follows:

( )   **BY FACSIMILE** - I caused the said document(s) to be transmitted by Facsimile machine to the following person, address and/or number:

( )   **BY EXPRESS MAIL** - I caused the said document(s) to be deposited into a designated Express Mail box for pick up on the date of execution of this Declaration.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and was executed on **June 18, 2008**, in Santa Rosa, California, County of Sonoma, State of California.

_____
Eric G. Young